Lipscomb, J.
This suit was brought by the appellant to recover the amount due to him for his attendance as witness at the instance of the defendant in a suit in which the defendant was plaintiff and one Hiram Hendley was defendant. The suit was originally brought before a justice of the peace, and, *140 after judgment, was taken by a certiorari intq the District Court, where it was submitted to tiie judge, without a jury, by consent. Tiie judge gave judgment for the plaintiff for three dollars, and that the defendant should pay all costs.
The plaintiff appealed. From tiie statement of facts, it does not appear that the certificate of the clerk, nor the affidavit of the witness before him to the number of days lie had attended, nor any subpoena, were produced on the trial,4 nor that the absence of any of these was sufficiently accounted for. The plaintiff swore that a certificate had been issued to him by the clerk for seventy days’ service against tiie plaintiff and the defendant jointly; that the clerk refused to give them separately; that ’he was subpoenaed by both parties ; that he charged each party equally for. his services, and that Ileudley had satisfied him for his services. The statement proceeds to allege that the certifica! e, which the witness swore was issued by the clerk, was deposited with the justice of the peace before the trial before him, and an account for thirty-five days’ service as a witnesss, to explain the certificate. To this last, showing what had been done with the certificate, the counsel for the defendant did not assent as a statement of facts, but agreed in the part preceding’ it.
It appears that there was no other evidence but that of the plaintiff himself, and it is certainly very unsatisfactory. Ilis suit not being supported by tiie certificate of tiie clerk on his affidavit'under tiie statute, lie could not claim the benefit of any presumption that might have arisen in his favor from such certificate, and under such circumstances he certainly should have made out his case better. He should have shown that lie liad been subpoenaed by the party by the production of the subpoena, or accounted for its absence, and shown at wlait time he so attended. He swears that he attended three several terms, thirty-five days in all, without showing at what terms of tiie court; that he lived in tiie town on the side of the public square; that he did not attend all the time in the court house; that he was at no expenses that lie was aware of; that ho was in hearing of the call of the sheriff; that he was amenable to the process; that he was put to some trouble. The evidence is so imperfect in the particulars recited that it would have been more satisfactory to me if the judgment had been in favor of tiie defendant; it was, however, in favor of tiie plaintiff, and he, and not the defendant, has appealed. The judge probably concluded that, as the plaintiff had not relied on tiie statutory evidence, (Hart. Dig., art. 721,) it was a suit for the value of his services, and that from his own evidence that the three dollars was a sufficient compensation. It is a small matter that ought not to be brought into this court at such great cost, aud manifests a litigious disposition that should not receive the favor of either the profession or the court.
Judgment affirmed.