[No. 1140.]

THOMAS F. MEAGHER ET AL., APPELLANTS, v. FERD.
S. VAN ZANDT, RESPONDENT.

FEES OF WITNESSES—SUBPŒNA.—Fees for mileage or attendance of the oppo-
site party's witnessess cannot be taxed, and judgment therefor entered
against the losing party, when such witnesses have not been subpœnaed in
the case according to law, or sworn or examined, although present in court
at the request of the successful party. (Hawley, C. J., dissenting.)

APPEAL from the District Court of the Fifth Judicial
District, Nye County.

The opinion in this case does not require a statement of
the facts.

*D. S. Truman*, for Appellants:

I.  The court erred in not accepting, as evidence, the
subpœna in *Harvey* v. *Van Zandt*.  It would have con-
clusively proved that the mileage fees paid was a necessary
disbursement in the Harvey case; that the same had been
paid in that action, and unless required to attend in this case
by the process of the court issued in this action and duly
served on the witnesses, the charge of such mileage fees

was not a proper charge to make in this action. (2 Comp. Laws, 2742; 1 Greenl. on Ev. sec. 51 a, note 5 and authorities there cited.)

II. The law provides the method by which a witness may be required to attend court to testify; the statutes having provided a method, it is to the exclusion of other ways, except a voluntary attendance; and the method is by subpœnaing a party in the action in which he is to testify. (1 Comp. Laws, 388 *et seq.*)

III. The court erred in not overruling defendant's objection to the introduction of the *Harvey* v. *Van Zandt* records and papers, as the objection was too general, and should have been specific. (*People* v. *Apple*, 7 Cal. 289; *Kiler* v. *Kimball*, 10 Id. 268; *Morgentham* v. *Harris*, 12 Id. 245; *Satterlee* v. *Bliss*, 36 Id. 489; *Owen* v. *Frink*, 24 Id. 171; *Dreux* v. *Domec*, 18 Id. 83; *State* v. *Jones*, 7 Nev. 415.)

IV. An exception that the evidence is irrelevant, immaterial and incompetent, should be overruled if the evidence is admissible for any purpose. *Sharon* v. *Minnock* 6 Nev. 382; *State* v. *Soule*, 14 Id. 455; *Thompson* v. *Thornton*, 50 Cal. 145; *Coveny* v. *Hale*, 49 Id. 552; *People* v. *Manning*, 48 Id. 338; *Sneed* v. *Osborn*, 25 Id. 627.)

*Trenmor Coffin*, also for Appellants:

I. In order to entitle the prevailing party to have his witness' fees taxed as costs in the action, the fees must have been *actually paid* to the witnesses. (2 Comp. Laws 2742; *Clarke* v. *Linsser*, 1 Bailey (S. C.) 190; *Johnson* v. *Wideman*, Cheves (S. C.) 26; *Chillas* v. *Brooks*, 5 Harr. (Del.) 60; Parsons on Costs, 198 sec. 43, and authorities there cited; *Hopkins* v. *Godbehire*, 2 Yerg. (Tenn.) 241; *Wheeler* v. *Lozee*, 12 How Pr. 450; *Ehle* v. *Bingham*, 4 Hill 596; *Dean* v. *Williams*, 6 Hill 376.)

II. No witnesses were ever subpœnaed in either case. They were *voluntary* witnesses, and no fees, especially no *mileage*, can lawfully be taxed against the losing party on account of such *voluntary* witnesses. (*Spaulding* v. *Tucker*,

2 Saw. 50; *Dreskill* v. *Parish*, 5 McLean 213; *Dreskill* v. *Parish*, 5 McLean 241; *Parker* v. *Bigler*, 1 Fisher's Pat. Cas. 289; *Woodruff* v. *Barney*, 2 Fisher's Pat. Cas. 245; *Clarke* v. *Linsser*, 1 Bailey (S. C.) 190; *Love* v. *Ingram*, 2 Speer (S. C.) 88; Parsons on Costs, 201, sec. 50, and authorities cited; *Dowling* v. *Bush*, 6 How. Pr. 410; *Wheeler* v. *Lozee*, 12 How. Pr. 448–9; *Bank of Niagara* v. *Austin*, 6 Wend. 548.)

III. Mileage should not be taxed for a witness called and sworn without subpœna or subpœnaed at the place of trial. (*Bratton* v. *Clendenin*, Harper (S. C.) 454; *Johnson* v. *Wideman*, Cheves (S. C.) 26.

IV. The same party has had taxed against the same plaintiffs the mileage of the same witnesses in two different cases set for trial at the same place and on the same day. Such double taxation of costs is not permissible nor lawful. (*Bliss* v. *Brainard*, 42 N. H. 257; *State* v. *Allen*, 26 N. J. L. 147.)

V. Fees cannot be taxed for witnesses subpœnaed but not sworn. (*Bacon* v. *Mathews*, 5 Harr. (Del.) 385; *Booth* v. *Smith*, 5 Wend. 107; *Ehle* v. *Bingham*, 4 Hill 596; *Taylor* v. *McMahon*, 2 Bailey 131; *Love* v. *Ingram*, 2 Speer 88.)

*Curler & Bowler* and *H. T. Creswell*, for Respondent:

I. The actual service of a subpœna to entitle a witness to fees who attends court at the request of a party to the action is not necessary. (*Cummings* v. *Akron Cement Co.*, 6 Blatchf. 509; *Roe* v. *Shaw*, 56 Me. 306; *De Benneville* v. *De Benneville*, 3 Yeates 558; *Farmer* v. *Storer*, 11 Pick. 241; *Johnson* v. *Wideman*, 1 Cheves 26.) A witness is entitled to his fees whether summoned or not. (*Gunnison* v. *Gunnison*, 41 N. H. 121; *Albany* v. *Derby*, 30 Vt. 718.)

II. The attendance of witnesses may be procured *by request* of parties, and the party so liable to the witness may recover disbursements for mileage and attendance against the defeated party. (*Crawford* v. *Abraham*, 2 Or. 165.)

III. The successful party is entitled to tax travel fees of a witness *who attends voluntarily upon mere request.* (*Anderson* v. *Moe,* 1 Abb. U. S. 299 ; *Whipple* v. *Cumberland Cotton Co.* 2 Sto. 661; *Prouty* v. *Draper,* 2 Sto. 199; *Hathaway* v. *Roach,* 2 Wood & M. 63.)

IV. A party is entitled to full fees in every case wherein he is a witness. (*Willink* v. *Reckle,* 19 Wend. 82; *Finch* v. *Hoagland,* 1 Wend. 69 ; *Wheeler* v. *Lovzee,* 12 How. Pr. 446 ; *Vence* v. *Speir,* 18 How. Pr. 168 ; *Hicks* v. *Brennan,* 10 Abb. Pr. 305.)

By the Court, LEONARD, J.:

As we construe the statute governing the allowance of witness fees in civil actions, it is only necessary, upon the facts presented, to decide whether or not such fees, for mileage or attendance, of the opposite party's witnesses, can be taxed, and judgment therefor entered against the losing party, when such witnesses have not been subpœnaed in the case according to law, or sworn or examined, although present in court at the request of the successful party. The question whether such witnesses could compel the party requesting their attendance to pay them reasonable compensation therefor, is not in the case. The allowance of witness fees is governed entirely by the statute. No amount beyond what is there stated can be taxed, in any event, for any witness; nor can *that* be, if only a certain *class* of witnesses are allowed fees, without showing that such witness belongs to that class. The statute provides as follows : " Witnesses required to attend in any of the courts of this state shall be entitled to the following fees : * * * Witness fees in civil cases shall be taxed as disbursement costs against the defeated party. * * * " (Comp. Laws, 2742 ) It is plain from the foregoing that witness fees which may be *taxed,* mentioned in the last part of the section, are the same as those stated in the first part, which witnesses shall be entitled to receive ; also, that such fees are limited to witnesses who have been *required* to attend. When is a witness required to attend before a

court? Is it one who attends under the obligatory require-
ments of the law, or one whose attendance is secured by a
mere request of a party, or both?

The present fee bill was passed in 1865. The prior one
(St. 1861, p. 250, sec. 8) provided that witnesses in civil
cases should have two dollars a day *for attending* before any
court, etc., and twenty cents a mile for traveling to the
place of trial. At that time, and at the date of the passage
of the present fee bill, the statute in relation to the manner
of compelling the attendance of witnesses was the same, in
substance, as now. (Stat. 1861, pp. 374, 375 ; Stat. 1864 ;
Comp. Laws, 1449, 1450.) It provided that "a subpœna
may *require* not only the attendance of the person to whom
it is directed, but may also require him to bring with him
any books," etc. No person shall be *required* to attend as
a witness before any court  *  *  *  out of the county in
which he resides, unless the distance be less than ——
miles from his place of residence to the county trial.  *  *
*  The subpœna shall be issued as follows : To *require*
attendance before a court.  *  *  *  To *require* attendance
out of court, before a judge, referee,  *  *  *  before
whom the attendance is required.  *  *  *  To *require*
attendance before a commissioner appointed to take testi-
mony.  *  *  *"

At the date of the passage of the present fee bill, as now,
there was no other method of requiring or compelling at-
tendance of witnesses in a statutory sense than by sub-
pœna. It is plain that the word "require," then and now
used in the statute, meant and means the same as "compel."
The legislature did not intend to say that no person should
be "requested" to appear before any court out of his
county, unless the distance was less than a certain number
of miles from his place of residence to the county of trial.
Webster defines "require" as meaning "to demand ; to
ask as of right and by authority. We *require* a person to
do a thing and we require a thing to be done." He also says
it is rarely used in the sense of "asking as a favor." It is
our opinion that when the legislature in 1865 changed the

fee bill of 1861, by limiting witnesses entitled to fees to such as are *required* to attend, it was intended to use that word in the sense in which it was and is employed in the civil practice act. The then existing statute provided that a witness might be required to attend by a subpœna, and the fee bill was changed so as to allow witness fees only when witnesses were so required. Saying that witnesses "required to attend before any court" shall be allowed fees, is the same as saying that witnesses who attend " pursuant to law " shall receive them. (See *Spaulding* v. *Tucker*, 2 Saw. 51; *Woodruff* v. *Barney*, 2 Fisher Pat. Cas. 244.)

The judgment is reversed, and the cause remanded for trial.

HAWLEY, C. J., dissenting :

In my opinion witnesses who attend court at the request of a party without the service of a subpœna are entitled, under the statute, to fees and mileage for attendance. It is claimed that the words "required to attend" (2 Comp. Laws, 2742) confine the allowance of fees to witnesses who are required to attend court by virtue of legal process. In support of this view the decisions of the federal courts, which hold that " pursuant to law " means upon service of process, are cited. The statute of this state does not, however, confine the payment of fees to witnesses who are required to attend court *pursuant to law*, unless this construction necessarily follows from the use of the word "required." It is true that this word is more frequently used as asserting a right, or as a positive demand, "to claim as by right and authority;" but it is also defined as meaning, "to ask as a favor; to request." (Webst. Dict.) We gain but little light in searching for the definition of this word. It has been held in one case that the words "request" and "require," although derived from a common source, may, and often do, have a meaning radically different (*Johnson* v. *Clem*, 27 Alb. Law J. 444) and in another case it is said that these words have the same origin. " Usage has given to them somewhat different meanings, which, however, are

more distinctions in intensity than in effect or substance."
(*Prentice* v. *Whitney*, 8 Hun 301; Abb. Law Dict. "Request.")

I think it was the intention of the legislature that witnesses should be paid *for their attendance at court* without reference to the means employed in procuring their attendance. Witnesses may be required to attend court by agreement, or by the request of a party, without the service of a subpœna; and if they do so attend, they can, in my opinion, collect their fees for mileage and attendance from the party at whose request they were "required to attend." The fees thus paid would, it seems to me, be a necessary disbursement in the action which could, under the provisions of the statute, "be taxed as disbursement costs against the defeated party."

It is true, as was said by the supreme court of Oregon, "that the statutory means of compelling the attendance of witnesses is by subpœna duly served; but we are at a loss to see how any party can be injured in having to pay mileage and attendance merely for the witnesses of an adversary who attends upon request or agreement, when the additional expense of officers' fees and mileage for issuing and serving of a subpœna, swelling largely the claim for disbursements, could do no more than procure the attendance of the witness." (*Crawford* v. *Abraham*, 2 Or. 166.)

Substantially the same views have been repeatedly expressed by the supreme and superior courts of New York: "Witnesses are entitled to their fees from the party at whose instance they attend, whether they are subpœnaed or not. The non-service of a subpœna would be no defense for the party when sued by a witness for his fees, who had attended as his witness at his request. Nor is it possible to perceive how the want of a subpœna can relieve the unsuccessful party from the payment of the fees of his adversary's witnesses." (*Wheeler* v. *Lozee*, 12 How. Pr. 448; *Vence* v. *Speir*, 18 How. Pr. 168.) "The fee bill gives compensation to witnesses for daily attendance upon court; it does not say anything about attendance in obedi-

ence to subpœua; if subpœnaed there is an additional allowance for cost of service.   This is necessary to enable a party to compel attendance.   The defendant, being liable to these witnesses for their cost, is entitled to the bill as it has been taxed.''.   (*Lagrosse* v. *Curran*, 10 Phil. 141.   See, also, *Farmer* v. *Storer*, 11 Pick. 241; *Gunnison* v. *Gunnison*, 41 N. H. 128.)

I also think that witnesses who attend court in two or more cases, are entitled to fees for mileage and attendance in each case.   (*Flores* v. *Thorn*, 8 Tex. 382; *Robison* v. *Banks*, 17 Ga. 215; *McHugh* v. *Chicago & N. W. R. Co.*, 41 Wis. 81; *Willink* v. *Reckle*, 19 Wend. 82; *Hicks* v. *Brennan*, 10 Abb. Pr. 305; *Vence* v. *Speir*, 18 How. Pr. 168.)

I am, therefore, of opinion that the judgment of the district court should be affirmed.