## S. D. SAPP ET AL. v. KING & DAVIDSON.

### (Case No. 2040.)

1. WITNESSES—SUBPŒNA—PER DIEM—MILEAGE—A witness in a civil suit can be subpœnaed only when he is represented to be a resident of the county where the suit is to be tried, or when he is found therein at the time of the trial. It is only when a witness appears in obedience to an authorized subpœna that he is entitled to *per diem* and mileage; the party summoning witnesses in this manner becomes primarily liable for their fees, though they are finally taxed in the bill of costs. (R. S., Arts. 2209, 2213, 2416.)

2. SAME—A subpœna directed out of the county of the trial is void; the attendance of a witness in response to it is voluntary, and does not entitle him either to *per diem* or mileage.

3. SAME—NON-RESIDENT WITNESS—A witness not resident in the county of the trial, but subpœnaed therein, is bound to attend only the term of the court to which he was summoned, and is not entitled to fees except for that term.

4. SAME—CHANGE OF RESIDENCE—A witness subpœnaed while resident in the county of the trial, upon removal of his residence from that county, becomes exempt from compulsory attendance, and is not entitled to fees for attendance upon succeeding terms.

APPEAL from Nacogdoches. Tried below before the Hon. James I. Perkins.

This was a motion to retax costs, made by plaintiffs in the case of King & Davidson v. B. D. Sapp, in the district court of Nacogdoches county. The motion was sustained. The necessary facts appear in the opinion of the court.

*Geo. F. Ingraham,* for appellants, cited: R. S., Arts. 2209, 2212, 2213.

No briefs on file for appellees.

WILLIE, CHIEF JUSTICE.—A witness in a civil suit can be subpœnaed only when he is represented to be a resident of the county in

which the trial of the suit is to take place; or when he is found therein at the time of the trial. R. S., Art. 2209. It is only when a witness appears in obedience to an authorized subpœna that he is entitled to *per diem* and mileage. He must be summoned in this way, and thereupon the party summoning him becomes primarily liable for his fees, though they are finally taxed in the bill of costs against the party cast in the suit. Ib., Arts. 2213, 2416.

As the law makes no provision for a subpœna to be sent out of the county of the trial, if thus directed it is wholly inoperative and void; the witness is not bound to obey it, and if he does, his attendance is voluntary, and he is therefore legally entitled to neither *per diem* nor mileage. The record does not inform us definitely as to whether the fees claimed by the appellants were for attendance upon court at the term when the case of King & Davidson *v.* Sapp was tried, or for attendance then and also at previous terms. But in neither event were Harris and Bassey entitled to fees. They were never residents of Nacogdoches county; and although supœnaed in it, it does not appear that they were found there at the trial of the cause. On the contrary, it seems that they did not attend the term of the court at which they were served. Whilst the law allows a non-resident witness to be served with a subpœna, if found in the county at the time of trial, the service is good for the particular occasion only. He cannot be forced, by reason of such service, to attend at any future trial of the cause. The law intends to protect the witness from being taken from his home to be present at a distant court, and enforces his attendance at the time he is served, because he is then near the place of trial. Not being compelled to be present at any future term, he is entitled to no fees for such attendance. Nor do we think that Sapp and Short were entitled to witness fees. They had been subpœnaed whilst living in Nacogdoches county, but the *per diem* and mileage claimed by them seem to have been for terms of the court held subsequently to their removal to the county of Shelby.

The reason already given why a subpœna loses its force as to a non-resident, after the trial for which he was summoned has ended, applies to the case of these witnesses also. At the time they were served they were a subject to a compulsory attendance upon the court; but after their removal to another county they were not. A subpœna for them directed to Shelby county would have been of no effect; one served upon them in Nacogdoches became of no effect after they had passed beyond the reach of such process. They were as exempt from forced attendance upon the courts of that county, as any other citizen of the county of Shelby.

Resident witnesses may be brought to court, not only because they are not put to serious inconvenience, but because parties are thereby saved the expense and trouble of taking their depositions; and no litigant has the right to bring witnesses from beyond the limits allowed by statute, and by this means subject his adversary to the payment of an unnecessarily heavy bill of costs, though the witnesses themselves may be willing to attend the court. We think that these witnesses came in obedience to subpœnas which were of no force and effect after their removal to Shelby county, and the court properly allowed them no compensation. There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered October 12, 1886.]