[S. F. No. 503.    Department Two.—December 29, 1896.]

## JAMES H. GOGGIN, RESPONDENT, *v.* D. M. OSBORNE & CO., APPELLANTS.

NEGLIGENCE—FALL OF FREIGHT ELEVATOR—CONTRIBUTORY NEGLIGENCE —DISREGARD OF RULE—CUSTOMARY USE — QUESTION FOR JURY.— Where the plaintiff was injured while in the employ of defendant through the fall of a defective freight elevator, from the breaking of the sustaining ropes, and it appeared that for two days next preceding the accident, it had been undergoing repairs, and that plaintiff was told by the local manager that it was fixed, and directed by him to load machinery on the same at the top floor, and to descend to a deck between floors for other freight, and the accident occurred while he was on the elevator in obedience to such directions, and it further appeared that a rule had been promulgated by the local manager against using the hoist to ride on, but that such rule had been customarily disregarded by all of defendant's servants, including the local manager who promulgated it, and that it was necessary for plaintiff to get on the elevator to load it, and to remove the freight as directed, it cannot be said, as matter of law, that plaintiff was chargeable with contributory negligence, or that a person of ordinary prudence would have refused to use the elevator in the manner plaintiff did, but it is a question for the jury whether plaintiff knew that the apparatus was dangerous at the time and for the purpose in which he was employing it when it broke, and so assumed the risks consequent upon such use.

ID.—REPAIRS OF ELEVATOR—REASONABLE CARE OF DEFENDANT—QUESTION FOR JURY.—Notwithstanding the repairs of an elevator by an expert, where there is evidence that the hoist was of a poor class of elevators, and that there were defects in it known to the manager, which may have contributed to the accident, and which were not repaired, the question whether the defendant had used reasonable care to make the elevator safe for the purposes for which plaintiff was required to employ it, is for the consideration of the jury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.    JOHN HUNT, Judge.

The facts are stated in the opinion.

*Wilson & Wilson,* for Appellant.

As plaintiff voluntarily used the elevator, knowing that it was unsafe for passengers, he assumed the risk of injury. (*Schultz* v. *Chicago etc. R. R. Co.,* 67 Wis. 616; 58 Am. Rep. 881; *Texas etc. R. R. Co.* v. *Bradford,* 66 Tex. 737; 59 Am. Rep. 639; *Atlas Engine Works* v.

*Randall,* 100 Ind. 293; 50 Am. Rep. 798; *Porter* v. *Hannibal etc. R. R. Co.,* 71 Mo. 66; 36 Am. Rep. 454; *Appel* v. *Buffalo etc. Ry. Co.,* 111 N. Y. 550; *De Forest* v. *Jewett,* 88 N. Y. 264; *Smith* v. *Sellars,* 40 La. Ann. 527.)

*Sullivan & Sullivan,* for Respondent.

Defendant having failed to show that plaintiff knew, or ought to have known, of the danger of using the elevator to perform his duties, the verdict should stand. (*Mullin* v. *California Horse Shoe Co.,* 105 Cal. 83; *Sanborn* v. *Madera Flume etc. Co.,* 70 Cal. 261; *Gisson* v. *Schwabacher,* 99 Cal. 419; *Elledge* v. *National City Ry. Co.,* 100 Cal. 282; 38 Am. St. Rep. 290; *Nixon* v. *Selby Smelting etc. Co.,* 102 Cal. 458; *Bjorman* v. *Fort Bragg Redwood Co.,* 104 Cal. 626.)

BRITT, C.—Plaintiff had a verdict and judgment in this action for damages on account of personal injuries suffered by him while in the employ of defendant, a corporation, which injuries he alleged to be the consequence of defendant's negligence. The immediate occasion of such injuries was the fall of a platform freight elevator or hoist used by defendant for transporting goods between the several floors of its warehouse, plaintiff being precipitated with the same from the third story to the basement of the building. It is insisted for reversal that plaintiff is clearly shown by the evidence to have been guilty of contributory negligence; that he knew the elevator to be dangerous to passengers, and that a rule of the establishment forbade employees to use it except for the carriage of freight; that, having such knowledge, he should have descended by a stairway, but was in fact using the elevator for his greater convenience in that particular when the accident occurred. Negligence of plaintiff was not pleaded in the answer, and he contends that it is therefore unavailable as a defense; we do not find it necessary to consider the question of pleading.

There was evidence that the elevator was often out of

order, and that for two days next preceding the accident
by which plaintiff was injured it had been undergoing
repairs; that when these were completed, defendant's
local manager—the same person who had promulgated
the rule above mentioned—told plaintiff that the ele-
vator was "fixed," and directed him to load certain ma-
chinery on the same at the third or uppermost floor of
the building, and descend to a "deck" between floors,
and take thence other freight; that the common—and
plaintiff testified the only—way of reaching the deck
was by means of the elevator when this was in use; that
in adjusting the load it was usual and necessary for em-
ployees to go upon the elevator; that plaintiff did so on
this occasion, and, while he was thus on the same in
obedience to said directions of the manager, the sustain-
ing ropes broke and it fell.   One Beghul, who witnessed
the accident, testified that the elevator broke down while
the loading was in process; the testimony of plaintiff
himself in this regard (if the point be material) is not
entirely clear; but, though it is apparent that he in-
tended to descend on the elevator, there is nothing in
his testimony or in his complaint inconsistent with said
statement of Beghul.   There was also evidence that any
regulation against using the hoist to ride on was fre-
quently disregarded by the defendant's servants of all
grades of employment—from the said manager down.
Granting now the contention of appellant that the evi-
dence shows, without material conflict, that the hoist,
to the knowledge of plaintiff, had been dangerous for
use as a passenger elevator, and he had received warn-
ing against making such use of it, yet, in view of the
statement of the manager after the last repairs, that it
had been "fixed," his orders to plaintiff relative to mov-
ing the freight, the fact that to use the elevator at all
plaintiff must get on the same, and the other matters
which we have briefly stated, it seems to us very clear
that it became a question for the jury whether plaintiff
knew that the apparatus was dangerous at the time, and
for the purpose in which he was employing it, when it

broke, and so assumed the risks consequent upon such use; and, what is much the same proposition, it cannot be said, as matter of law, that a person of ordinary prudence would have refused to use the elevator in the manner plaintiff did. (*Fernandes* v. *Sacramento etc. Ry. Co.*, 52 Cal. 45; *Whalen* v. *Arcata etc. R. R. Co.*, 92 Cal. 669; *Van Praag* v. *Gale*, 107 Cal. 438; *Davis* v. *Pacific Power Co.*, 107 Cal. 575; 48 Am. St. Rep. 156.)

The further point is made that defendant was not negligent, because, counsel say, immediately before the accident it caused all repairs to be made on the elevator which were deemed necessary by an expert. This view does not seem wholly consistent with the argument that the elevator was dangerous and known on all hands to be so. But the inquiry in this behalf was, whether defendant had used reasonable care to make the elevator safe for the purposes in which plaintiff was required to employ it; and here, also, was a case made for the consideration of the jury. It was in evidence that the hoist was of a class of "rather poor elevators," and that there were defects in the same known to the manager which may have contributed to the accident, and which were not repaired at all. The expert himself testified that the elevator, as repaired by him, was unsafe for passengers, and that he so informed the manager. We recommend that the judgment and order appealed from be affirmed.

Haynes, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Henshaw, J., McFarland, J., Temple, J.

Hearing in Bank denied.