[S. F. No. 1459.    Department Two.—January 25, 1901.]

BERTRAND J. HABISHAW et. al., Respondents, v. STANDARD QUICKSILVER COMPANY, Appellant.

Action for Death—Failure to Lag Mine—Contributory Negligence— Assumption of Known Risk—Questions for Jury.—In an action for death caused by the alleged negligence of a mine owner in not providing a flooring or lagging over the head of the deceased to prevent rock or other material from falling upon him in the course of his employment as a miner, the questions whether he knew that the mine had not been lagged, or whether he was guilty of contributory negligence in going to work at the time of the accident without verifying his knowledge, or whether he assumed a known risk in working where he did, were proper for submission to the jury, and their verdict thereupon is final.

APPEAL from a judgment of the Superior Court of Lake County and from an order denying a new trial.    R. W. Crump, Judge.

The facts are stated in the opinion of the court.

C. W. Cross, for Appellant.

W. T. Baggett, Dan Jones, and T. J. Sheridan, for Respondents.

HENSHAW, J.—Plaintiffs, who are the surviving wife and children of Thomas Habishaw, deceased, sued the defendant to recover damages for the death of Thomas Habishaw, the husband and father, alleging that he was killed in defendant's mine through the negligence of the defendant and its servants and employees.

The negligence pleaded consisted of the failure by the defendant to provide a flooring or lagging over Habishaw's head, so as to prevent rock or other material which might become loosened in the operations of the mine from falling upon him.  For the want of such flooring or lagging a rock of large size fell a distance of about twelve feet, and in its fall struck Habishaw and caused his death.  The verdict of the jury was for plaintiff, and from the judgment which followed and from the order denying its motion for a new trial defendant appeals.

The contention of appellant is that the deceased, an experienced miner, was either guilty of contributory negligence in working where and as he did, knowing of the absence of lagging or flooring, or that in so working, with knowledge of the conditions and situation of the mine, the risks he ran became known to him; that he assumed them, and that, therefore, the defendant is not liable.  Appellant urges that Mr. Habishaw, being provided with lights by which he could plainly see for a distance of from fifteen to thirty feet, would have known whether or not such lagging or flooring was necessary or proper for his protection; and that, having worked in that particular place for a day and a half immediately preceding the injury, by the ordinary use of his senses, under such circumstances, he must have known, or should have known, that there was no covering or flooring or lagging at a distance of about one foot over his head (the seventh floor), or at a distance of about seven or eight feet over his head (the eighth floor), covering the set immediately over where he was working; and that, knowing such facts and the probable results, it was contributory negligence on his part to continue to work in that place without such flooring or lagging, if the same was reasonably necessary for his protection from injury.  It is insisted by the appellant that the evidence upon these matters is uncontradicted, and that the question becomes, therefore, one of law.  By the

respondent it is asserted that upon the question of contributory negligence there is a conflict in evidence, and that in any event, conceding the facts to be undisputed, it is not a case in which, as a matter of law, the court can say that the deceased was guilty of contributory negligence, but is a case in which the question is properly referable to the jury.

We think this latter position is sound. The deceased had worked in the mine for a year and a half, and in this particular portion of the mine where the accident occurred for a day and a half. It is conceded to have been the duty of the timbermen at the mine to have provided for the security of the miners by timbering and flooring or lagging. That with the light which the deceased carried he could have seen for a distance of from fifteen to thirty feet, and should, therefore, have known whether or not the proper lagging was in place; whether or not the place had been properly lagged before the accident, and the lagging had been removed or destroyed by blasting; whether or not Habishaw knew that it had been properly lagged in the first instance, and was guilty of contributory negligence in going to work at the time of the accident without again verifying his knowledge—were all matters not so plainly pointing to contributory negligence, as to justify the withdrawal of their consideration from the jury. The testimony of the witness Farmer, a fellow-workman with the deceased at the time of his death, to the effect that an examination of the condition of the lagging was made by Habishaw just before he commenced work upon the fatal day, may well have been disbelieved by the jury, in view of the fact that Farmer was successfully impeached by a showing that he had declared that he had knowledge which would entitle plaintiffs to win their case, but would not give it unless paid therefor.

The case is one of those where the question of contributory negligence, or the question of the assumption of known risks was proper for submission to the jury, whose verdict in this regard is final. (*Sanborn v. Madera Flume etc. Co.,* 70 Cal. 261; *Magee v. North Pacific R. R. Co.,* 78 Cal. 430[1]; *Martin v. California Cent. R. R. Co.,* 94 Cal. 331; *Davies v. Oceanic Steam-*

---

[1] 12 Am. St. Rep. 69.

*ship Co.*, 89 Cal. 280, 286; *Smith v. Occidental etc. Steamship Co.*, 99 Cal. 462; *Davis v. Pacific Power Co.*, 107 Cal. 563[2]; *Goggin v. Osborne & Co.*, 115 Cal. 437.)

The judgment and order appealed from are, therefore, affirmed.

Temple, J., and McFarland, J., concurred.