[No. 1611.]

THE STATE OF NEVADA, EX REL. ROBERT POHL,
RELATOR, v. W. C. GAYHART, RESPONDENT.

[For syllabus and briefs, see *State of Nevada, ex rel. Dixon* v. *Van Patten*,
No. 1610, p. 273, *ante.*]

*Quo warranto* by the State of Nevada, on the relation of
Robert Pohl, against W. C. Gayhart. Judgment of ouster
against respondent.

*William Woodburn*, Attorney-General, and *Torreyson &
Summerfield*, for Relator.

*A. J. Maestretti*, District Attorney, *Trenmor Coffin*, and
*W. C. Gayhart*, for Respondent.

BELKNAP, J.:

The only question in this case is whether relator took and
subscribed to the official oath in conformity with law.

The facts are similar to those in the case of *State* v. *Van
Patten*, 26 Nev. 273, and upon the authority of that case a

judgment of ouster will be entered against this respondent, with costs.

It is so ordered.

## ON MOTION TO RETAX COSTS.

By the Court, MASSEY, C. J.:

The respondent asks that the costs claimed by the relator be retaxed. He contends, first, that the fees for all witnesses should be stricken out, it appearing that all the witnesses voluntarily appeared, and, under the ruling in *Meagher* v. *Van Zandt*, 18 Nev. 230, relator is not entitled to recover for such fees.

The facts disclosed by the record in this case upon which relator rests his contention are very materially different from the facts shown by the record in the case cited. In this case subpenas were issued out of the court for all the witnesses. These subpenas were returned with the endorsement of the witnesses acknowledging service. This return, in our opinion, was sufficient upon which to base a process for the compulsory attendance of witnesses in case they failed or refused to attend. It was in effect and in lieu of the recitals of the return of an officer serving the process. In *Meagher* v. *Van Zandt, supra*, no subpenas had been issued from the court, no witnesses had been served with process, and none were called, sworn and examined. The attendance of the witnesses upon the court in that case was in response to subpenas issued in another action then pending in the trial court. The case cited was dismissed without trial, and hence cannot apply to the facts of the case at bar.

This objection will therefore be overruled.

Again, it is claimed that the fees of the witness Dixon should be stricken out, he being a party to the proceeding of *The State, ex rel. Dixon*, v. *Van Patten*, consolidated with this proceeding by stipulation in open court the day of the trial. The two proceedings were instituted at different times between different parties, and involved, to a limited extent, issues of a different character. The consolidation was for the purposes of the trial. Before there was any consolidation a subpena was issued for Dixon. We cannot hold that his attendance was not in response to the process. While his

attendance upon court in the proceeding in which he was relator might have been necessary, certainly he could not have been compelled to attend in this proceeding without process, and his presence was not necessary. He did attend in answer to the process of the court, was called, sworn and examined, and, in the absence of further showing, we are of the opinion that his claim for fees should be allowed.

It is also objected that the fees of the witness Hildebrandt should not be allowed. The facts upon which this claim is based are: That the witness attended court under subpena, was not called, sworn, or examined in the proceeding. Why he was required as a witness, why he was not called and sworn and examined, is not shown, and in the absence of such showing, upon the naked facts stated, it does not seem to us that his attendance was necessary, or that the fees for his attendance were necessary as a part of the costs of relator. This objection will therefore be sustained.

The witness Miller was subpenaed, and in response thereto attended court, and was called, sworn and examined on the trial of the consolidated proceedings. His testimony related to matters in the Van Patten case, and it does not appear from his testimony, or otherwise, that his attendance in this proceeding was necessary for any purpose. The claim for his fees should therefore be disallowed and stricken out.

The fee of $1.25, claimed by relator for typewriting brief upon the authority of *The State v. Sadler*, 25 Nev. 131, will also be stricken out.

An order will therefore be made retaxing the costs in accordance herewith, and the judgment to that extent modified.