### FULLER BUGGY CO. v. WALDRON et al.

(Supreme Court, Special Term, Albany County. February 20, 1906.)

1. COSTS—TERM FEES.

Where no proof was offered before the county clerk that plaintiff noticed the cause for trial and was thereby estopped from denying that the same was necessarily on the calendar for a particular term, during which he filed an amended complaint, it was improper for the court to tax a term fee for that term, over plaintiff's objection that the case was not then at issue.

2. SAME—WITNESS'. FEES.

Where it did not appear that certain codefendants were subpoenaed to appear at a term at which the case was not tried, defendant was not entitled to tax witness' fees for such defendants' appearance at that term.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, § 717.]

3. SAME.

Witness' fees may be properly allowed to parties to the action who are subpoenaed and compelled to attend as witnesses.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, § 724.]

4. SAME—PLEADINGS—PERSONAL SERVICE—DISBURSEMENTS.

Disbursements for personally serving the answer, amended answer, and an order on the opposing attorney should not be allowed, in the absence of proof that personal service was necessary in order to obtain a speedy trial or to otherwise protect the interest of a client.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, § 702.]

Action by the Fuller Buggy Company against Adelbert Waldron and others. On motion for retaxation of costs. Granted.

See 94 N. Y. Supp. 1017.

N. B. Spalding, for plaintiff.
Jas. A. Leary, for defendants.

KELLOGG, J. 1. A term fee for the Warren term, held in June, 1905, was taxed. From the affidavits filed with the clerk upon taxation, it appears that the action was not tried at the June term because not at issue; the plaintiff having served an amended complaint after the notice of trial. Although asserted in the defendants' brief, it does

not appear in the proof given before the county clerk that the plaintiff noticed the cause for trial, and thereby estopped himself from denying that the same was necessarily upon the calendar.   In serving his amended complaint he was in the exercise of a legal right.   The court could not have imposed terms for ordering the case over the term, for no favor was thereby granted.   The allowance of the $10 term fee was improper.

2. Witness' fees, amounting to $19.92, were taxed by the clerk. The witnesses were codefendants of the successful defendant Cudney. Of the amount so taxed, $5.96 was taxed for fees for their attendance at the June term.   The case was not tried at the June term, and therefore these witnesses were not sworn.   It does not appear that they were subpœnaed.   If codefendants, their attendance at the June term may have been because of their interest as parties.   Fees for the June term should not have been allowed.   At the November term, at which the trial was had, the defendant Waldron was subpœnaed before the opening of the Trial Term.   Although a party to the action, he was actually compelled to attend as a witness, and the fact that he was so subpœnaed is sufficient to establish the necessity of the disbursements made to him as such.   It does not appear that the defendant Ramsey was subpœnaed to attend the November term.   Therefore witness' fees for his attendance, to wit, the sum of $5.38, should not have been allowed, for he may have attended as a party, and not as a witness; the contrary not appearing.   Walker v. Russell, 16 How. Prac. 93.

3. Disbursements for serving personally the answer, amended answer, and an order upon the opposing attorney should not have been allowed.   It is entirely possible that in some cases it might be necessary to serve such papers personally in order to obtain speedy trial or otherwise to protect the interests of a client.   They are not, however, disbursements of such a nature that they prove their own necessity.   No proof is given to show any peculiar necessity for personal service.

Items, therefore, amounting in all to $24.34, were improperly taxed by the clerk.   A retaxation should therefore be had and these items deducted.

The motion is therefore granted, with costs.