# THE SUPREME COURT

OF THE

# STATE OF NEVADA

## OCTOBER TERM, 1915

[No. 2144]

PETER ZELAVIN, Respondent, v. TONOPAH BELMONT DEVELOPMENT COMPANY (A CORPORATION), APPELLANT.

[149 Pac. 188]

1. WITNESSES—CROSS-EXAMINATION—SCOPE.

In a personal injury action, wherein one element of plaintiff's damages was inability to work, exclusion of evidence as to the name of a person from whom he borrowed a certain sum of money was erroneous.

2. EVIDENCE—SIMILAR FACTS—INJURIES TO SERVANT—STATE MINING INSPECTION RULES.

. In a miner's action for injuries, rules posted at the mine, several months after the injury, by the state mining inspector, were not admissible in evidence by the mere fact that they were similar to the ones posted by defendant before the time of the injury.

3. TRIAL—INSTRUCTIONS—MISLEADING INSTRUCTIONS.

The giving of an instruction, although embodying a correct rule of law, is reversible error, where it has a tendency to mislead the jury.

4. MASTER AND SERVANT—PLACE OF WORK—ASSUMPTION OF RISK.

Where a servant is employed in performing labor which necessarily changes the character of the place for safety as the work progresses, and is consequently likely to become dangerous at any time, he assumes the risk.

Points decided

5. MASTER AND SERVANT—INJURIES TO SERVANT—ACTIONS—QUESTIONS FOR JURY.

In a miner's action for injuries from a falling rock, evidence *held* to make the question as to whether he himself loosened it one for the jury.

6. TRIAL—INSTRUCTIONS—REQUESTS—NECESSITY.

If a defendant in a personal injury action desires an instruction on the question of contributory negligence, he must request it.

7. TRIAL—INSTRUCTIONS—THEORIES OF CASE.

Where the parties on trial each proceeded on a different theory of the case, the court must give instructions applicable to both theories upon request.

8. TRIAL—INSTRUCTIONS—EVIDENCE TO SUPPORT.

In a miner's action for injuries by a falling rock, an instruction upon the fellow-servant doctrine is erroneous, where there is no evidence to support it.

9. TRIAL—INSTRUCTIONS—THEORIES OF CASE.

An instruction which takes from the consideration of the jury defendant's theory of the case is erroneous.

10. EVIDENCE—WEIGHT—CREDIBILITY OF WITNESS.

If the jury believe from the evidence that a witness has wilfully sworn falsely as to material matters, they are at liberty to disregard his entire testimony, except as corroborated by other credible evidence.

11. TRIAL—INSTRUCTIONS—NECESSITY OF REQUESTS.

Since the defense of contributory negligence may be abandoned at any time during the trial, it is not obligatory upon the court to give instructions thereon, in absence of request.

12. TRIAL—INSTRUCTIONS—MISLEADING INSTRUCTIONS.

A requested instruction, which is misleading, is properly refused.

13. COSTS—ATTENDANCE OF WITNESSES—MILEAGE.

Under Rev. Laws, sec. 5431, providing that no person shall be required to attend as a witness out of the county in which he resides, unless the distance be less than 30 miles from his residence, the mileage of witnesses residing in another county more than 30 miles from the place of trial cannot be taxed as costs.

14. COSTS—WITNESS FEES—AUTHORITY TO TAX.

Witness fees may only be taxed when expressly allowed by legislative enactment.

15. COSTS—WITNESSES—PER DIEM.

Although a party is not entitled to tax mileage on account of witnesses attending court out of the county, he may nevertheless recover their per diem for the days they were upon the witness stand.

16. Costs—Witnesses—Mileage.

  Where it does not appear on a motion to retax cost that witnesses from a foreign state were not served at the state line, their mileage may be recovered from such line.

APPEAL from Second Judicial District Court, Washoe County; *Cole L. Harwood* and *A. N. Salisbury,* Judges.

Action by Peter Zelavin against the Tonopah Belmont Development Company for personal injuries. From a judgment for plaintiff, defendant appeals. **Reversed,** and new trial granted.

*H. H. Brown, J. H. Evans,* and *H. R. Cooke,* for Appellant:

It is clearly a case in which the plaintiff was working in a place where his work changed the character of the place; it was clearly his duty to make the place safe for himself. (White, Personal Inj., sec. 41; *Finlayson* v. *Mining Co.,* 67 Fed. 507; *Cons. Coal Co.* v. *Clay,* 38 N. E. 610, 25 L. R. A. 848–56; *Browne* v. *King,* 100 Fed. 561–71; *Anderson* v. *Daly M. Co.,* 50 Pac. 815; *Allen* v. *Logan,* 37 Pac. 496.)

Damages cannot be recovered for increased injuries due to unskilful treatment by a physician called by plaintiff. (13 Cyc. 77; *Harney* v. *Ry. Co.,* 165 Ill. App. 547; *Gray* v. *Ry. Co.,* 102 N. E. 71; *Railway Co.* v. *Saxby,* 68 L. R. A. 164; *Barry* v. *Greenville,* 65 S. E. 1030; *Goss* v. *Goss,* 113 N. W. 690.)

Only so much of the testimony of a witness who has wilfully and knowingly sworn falsely on a material point in the case as is not corroborated by other witnesses, or by facts and circumstances, may be rejected by the jury. (*People* v. *Hucks,* 53 Cal. 354; *People* v. *Progue,* 53 Cal. 491.)

If the negligence of an employee be gross and that of the employer slight in comparison, such gross negligence shall bar recovery. (Rev. Laws, 5650–5651; *Lawson* v. *Halifax,* 38 Nev. 138; *Ward* v. *Pittsburg Silver Peak,* 37 Nev. 470.)

Where an employee, knowing of a danger, continues at work because he does not want to lose employment, he establishes an assumption of risk. (*Lawson* v. *Amer. Axe*

*Co.,* 83 Am. St. Rep. 267; *Southern Ry. Co.* v. *Moore,* 31 Pac. 138; *Leary* v. *Boston Co.,* 52 Am. St. Rep. 733; *Atchison Ry. Co.* v. *Schroeder,* 27 Pac. 963; *Reed* v. *Stockmeyer,* 74 Fed. 186.)

The court erred in refusing to retax costs. (Rev. Laws, 5431; *Butcher* v. *Vaca Co.,* 56 Cal. 598; *Naylor* v. *Adams,* 114 Pac. 997; *Carr* v. *Stern,* 120 Pac. 35.)

*Dixon & Miller,* for Respondent:

The court properly refused to permit a question as to the name of the person from whom plaintiff testified he borrowed $500. It had no bearing upon the question as to whether he did or did not work subsequent to the injury, or whether he was incapacitated from working. The question was asked upon cross-examination as to matter brought out upon cross-examination, and therefore was not proper. Cross-examination must be confined to matters brought out on direct examination. (40 Cyc. 2501, 2512, 2484; *Coonan* v. *Lowenthal,* 61 Pac. 940; *Parkin* v. *Grayson-Owen Co.,* 106 Pac. 210; *Clukey* v. *Seattle Electric Co.,* 67 Pac. 379; 17 Am. & Eng. Ann. Cas. 4–9.)

No matter how experienced the employee may be, he never assumes more than the ordinary risks incident to his employment; and it clearly appears from the evidence that the dangerous condition of the rock which fell and caused the injury was not apparent to plaintiff, or that he had any realization of danger. (*Williams* v. *Sleepy Hollow M. Co.,* 11 Am. & Eng. Ann. Cas. 111.)

An employee does not, in any case, assume the risk of the master's negligence. (*Choctaw-Oklahoma & G. Ry. Co.* v. *Jones,* 7 Am. & Eng. Ann. Cas. 431.)

The burden of proof is upon the defendant to show contributory negligence. (*St. L. I. M. & S. Ry. Co.* v. *Jackson,* 8 Am. & Eng. Ann. Cas. 328; *Linforth* v. *S. F. Gas & E. Co.,* 19 Am. & Eng. Ann. Cas. 1230.)

The servant has the right to assume in the first instance that the place is safe, and it is for the defendant to show either knowledge or excusable ignorance.

(*Calloway* v. *Agar Packing Co.*, 104 N. W. 720; 17 L. R. A. n. s. 76–85.)

On all questions involved concerning instructions, it is contended that: "It is the duty of the master to provide a safe place to work, and to give warning as to all dangers not obvious. This applies not only to appliances which the master had knowledge of, but also to such defects as he could have by exercising reasonable care." (*Ago* v. *Harback*, 117 N. W. 671; *St. Louis Ry. Co.* v. *Birch*, 89 Ark. 424, 28 L. R. A. n. s. 1250; *Marks* v. *Harriett Cotton Mills*, 3 Am. & Eng. Ann. Cas. 812.)

It is the duty of defendant to prove by a preponderance of evidence that plaintiff knew and appreciated the peril to which he was exposed. (*Curkovitch* v. *Thistle Coal Co.*, 121 N. W. 1036.) A risk which is unknown to employees is not assumed. (*Long* v. *Johnson,·* 134 Iowa, 336.) The burden of showing the assumption of risk rests with the employer. (*Martin* v. *Edison Light Co.*, 131 Iowa, 263.) Plaintiff does not assume what he does not know about. (*Calloway* v. *Agar P. Co.*, 129 Iowa, 1; *Mace* v. *Boedker*, 127 Iowa, 721.) It is the duty of the master to make proper inspection of place of work and to repair any defects. (*Delaney* v. *F. G. etc.*, 88 N. E. 773; LaBatt, Master and Servant, sec. 28; *Hogarth* v. *Pacasset Man. Co.*, 45 N. E. 629; *Lawton* v. *Oglesbee Coal Co.*, 154 Ill. App. 368.)

A witness is bound to obey a subpena directed to him, no matter by what means it comes into his hands. (*Chicago A. R. Co.* v. *Dunning*, 18 Ill. 494.) A witness does not lose his right to mileage and per diem by not insisting on prepayment. (*Young* v. *M. Ins. Co.*, 29 Fed. 273.) A person who accepts service of a subpena is entitled to fees for attendance. (*McHoney* v. *Kerwin*, 56 Mo. App. 459.) The court may allow fees to a witness who attends simply on request. (*Commonwealth* v. *Smith*, 4 Pa. Co. Cy. R. 321; *U. S.* v. *Williams*, Fed. Cas. No. 16709; *Eastman* v. *Sherry*, 37 Fed. 844; *Pinson* v. *Atch. T. & S. F. Co.*, 54 Fed. 464; *Burrow* v. *Kansas City R. Co.*, 54 Fed. 278; *LaGrosse* v. *Curran*, 10 Phila. 140.)

By the Court, COLEMAN, J.:

On July 21, 1913, the defendant, being desirous of enlarging a station on the 1300-foot level of its mine at Tonopah, sent the plaintiff, an experienced machine man, to the place, with instructions to do certain work. He drilled all of that day, and just before going off shift fired the holes. The next day he was set to work 25 or 30 feet from where he had worked on the 21st, and after drilling one hole and about a couple of inches of another a rock slid down and injured him. He was taken to the surface, where he received "first-aid treatment" from a doctor who, he alleges, rendered the services at the request of the defendant. Plaintiff protested against this doctor treating him, but finally submitted, after which he left the mine. The next day he employed another doctor, who then discovered that the arm was infected.

Plaintiff brought suit in the Second judicial district court, in and for Washoe County, to recover damages for his alleged injuries. The complaint stated two causes of action; the first being for injuries received in the mine for alleged negligence of defendant for failure to provide a reasonably safe place in which to work, and the second for alleged negligence in furnishing plaintiff an unskilled and negligent doctor to give him "first-aid treatment." The answer denied all the allegations of negligence, and pleaded assumed risk and contributory negligence on the part of plaintiff, to which there was a reply. There was a trial before a jury, which brought in a verdict for the plaintiff. Judgment was rendered on the verdict, and defendant appeals.

1. It is contended that the trial court erred in sustaining an objection to a question as to the names of the persons from whom plaintiff testified he had borrowed $500. It was plaintiff's contention at the trial that he had been unable to work since he was injured, and that he borrowed this sum to live upon. His inability to work was urged as a proper matter for the consideration of the jury in fixing damages, and as the testimony was material on that point the defendant was

entitled to know the names of the persons of whom plaintiff claimed to have borrowed the money; for, if it could have been shown that he did not in fact borrow the money, it would have tended to discredit his testimony to the effect that he had been unable to work. The objection should not have been sustained.

**2.** The court did not err in sustaining plaintiff's objection to Defendant's Exhibit 3, which was a set of rules promulgated and posted at the mine, several months after the injury, by the state mining inspector. The mere fact that these rules were similar to ones posted by defendant did not justify their admission, to show the reasonableness of the rules posted by defendant. The defendant's theory is that it had a right to call the mining inspector to testify, and consequently should have been permitted to introduce the rules which he had promulgated. Unquestionably defendant had the right to call the mining inspector as a witness; but in that event plaintiff would have had a right to cross-examine him as to his experience and knowledge of mining, which could not have been done if the exhibit had been admitted.

**3.** Plaintiff's second cause of action, which was based upon the alleged negligence of the doctor in giving the "first-aid treatment," was voluntarily dismissed by plaintiff; but, notwithstanding the dismissal, the court, at plaintiff's request and over defendant's objection, instructed the jury that, if it found that plaintiff was injured through the negligence of the defendant, the defendant was not relieved of liability because of the fact that the injuries had been increased through the negligence of the doctor who gave the "first-aid treatment." While the rule of law declared by the instruction is correct, we think that in view of all the circumstances the instruction may have misled the jury, and it should not have been given. With the second cause of action out of the case, it would have been simple enough to instruct the jury that, if plaintiff was injured through the negligence of the defendant, plaintiff was entitled to recover damages actually sustained by reason of the defendant's

negligence.    Had plaintiff been injured by a runaway
team while being taken to the hospital, through no fault
of defendant, it would not have been necessary for the
court in its instructions to allude to the injury received
by plaintiff while on his way to the hospital, and to have
done so would have been error.    Yet the two cases are
similar, except that the one in question in the case at bar
is likely to have been more prejudicial than an instruction
in the supposed case could possibly be.

4. In seeking to reverse this case, while the appellant
concedes that it is a general rule that a master must
furnish his servant a reasonably safe place in which to
work, considering the nature of the work to be done, it
is contended that the work which plaintiff was employed
in doing changed the character of the place of work as
the work progressed, and consequently plaintiff must be
held to have assumed the risk.    It is unquestionably the
rule that where a servant is employed in performing
labor which necessarily changes the character of the
place for safety where the work is being done as the
work progresses, and consequently is likely to become
dangerous at any moment, he assumes the risk.    (1
Bailey on Per. Injury, 2d ed. p. 230; *Finlayson* v. *Mining
Co.*, 67 Fed. 507, 14 C. C. A. 492; *Holland* v. *Durham C.
& C. Co.*, 131 Ga. 715, 63 S. E. 290; *Heald* v. *Wallace*, 109
Tenn. 346, 71 S. W. 80; *Cully* v. *N. P. Ry. Co.*, 35 Wash.
241, 77 Pac. 202; *Callan* v. *Bull*, 113 Cal. 593, 45 Pac.
1021; *Con. Coal Co.* v. *Clay*, 51 Ohio St. 542, 38 N. E. 610,
25 L. R. A. 856; White on Per. Inj. in Mines, sec. 41;
*Browne* v. *King*, 100 Fed. 561, 40 C. C. A. 545; *Moon
Anchor M. Co.* v. *Hopkins*, 111 Fed. 298, 49 C. C. A. 347;
*Kentucky Block Coal Co.* v. *Nance*, 165 Fed. 46, 91 C. C.
A. 82.)

5. While we agree with appellant as to the correctness
of the rule invoked, yet if the rock which injured plaintiff
was loose and dangerous when he went to the station on
July 21 to go to work, and was not in fact loosened by
the very work which the plaintiff was doing, plaintiff
would, beyond doubt, be entitled to recover.    Plaintiff
testified that the shots which he put in on July 21 were not

loaded heavily enough to loosen the rock ten feet away. The question is: Was the rock which slid down and injured the plaintiff loose and dangerous before he went to the station to work, or did he make it loose and dangerous by the work which he did? If it was the former, the defendant is liable; if the latter, the plaintiff cannot recover. Under the evidence in the case it is not a question of law for the court to determine, but one of fact for the jury. (*Miller* v. *Bullion-Beck*, 18 Utah, 358, 55 Pac. 59; *Schlacker* v. *Mining Co.*, 89 Mich. 253, 50 N. W. 839; *Railway Co.* v. *Stout*, 17 Wall. 657, 21 L. Ed. 745; *Jones* v. *Railway Co.*, 128 U. S. 443, 9 Sup. Ct. 118, 32 L. Ed. 478; *Grand Trunk Ry. Co.* v. *Ives*, 144 U. S. 409, 12 Sup. Ct. 679, 36 L. Ed. 485; *Ill. Cent. Railway Co.* v. *Foley*, 53 Fed. 459, 3 C. C. A. 589; *Habishaw* v. *Standard*, 131 Cal. 430, 63 Pac. 728.)

While plaintiff's instruction No. 1 may be a correct statement of the law, it is so worded that it might have been confusing to the jury. In the rush incident to a jury trial the court is prone to accept instructions prepared by attorneys when they are substantially correct. The matter covered by this instruction should have been stated in such a way as to leave no doubt as to its effect upon the jury.

**6.** The mere fact that plaintiff's instruction No. 3 did not cover the alleged contributory negligence of plaintiff is not error. If defendant desired an instruction on that point, it should have requested it, and, if proper, a refusal to give it would have been prejudicial error.

**7.** The court did not err in its instruction No. 5. While it was the duty of the court to have instructed more fully upon the request of the defendant, the instruction was correct in stating that it was defendant's duty to provide a reasonably safe place for the plaintiff to work in. The plaintiff proceeded upon one theory and the defendant upon another. Under such circumstances the court should give instructions applicable to both theories, upon request; but it is certainly not incumbent upon the plaintiff to request instructions applicable to defendant's theory, and, while the court may of its own motion give instructions, its failure to do so is not error.

Instruction No. 8 is not subject to the objection made.

Of course, it is erroneous, should we accept defendant's theory as being established by the evidence; but, since the jury might have found the facts to be as contended by plaintiff, it was certainly proper.

8. We think instruction No. 10 should not have been given. It undertakes to instruct as to the fellow-servant doctrine. There is no evidence in the case upon which to base such an instruction. If it were shown that a fellow servant had made the station and left it in a dangerous condition, and because thereof plaintiff was injured, the instruction would be applicable; but there is no such evidence. So far as appears from the evidence, the station was made long prior to the time when plaintiff went to work in the mine.

9. We think instruction No. 11 was erroneous. While it is true that it was the duty of defendant to furnish plaintiff with a reasonably safe place in which to work, having due regard for the nature and character of the work, the instruction practically takes from the consideration of the jury defendant's theory of the case, which it should not have done. It should simply have stated the law as applicable to the case from the theories of both sides, and let the jury find the facts and apply the law as given in the instructions to the facts as found.

In the opinion of this court, instruction No. 13 should not have been given. The evidence does not show that the timbering was done in the manner in which it was for the purpose of saving money. While it may have been economical to put in the timbers in the manner in which they were, testimony to that effect is very far from saying that they were put in as they were because it was cheaper to do it in that manner. There was no evidence upon which to base the instruction.

10. Appellant complains of instruction No. 14, relative to the wilful giving by a witness of false testimony. In view of the fact that the case must be reversed, all we need to say is that this court, in *State* v. *Burns*, 27 Nev. on page 293, 74 Pac. on page 984, approved of the following instruction:

"You are further instructed that, if the jury believe from the evidence that any witness has wilfully sworn falsely on this trial as to any matter or thing material to the issues in this case, then the jury are at liberty to disregard his entire testimony, except in so far as it has been corroborated by other credible evidence, or by facts or circumstances proved on the trial."

We recommend it as one safe to follow.   See *Williams* v. *State*, 9 Okl. Cr. 206, 131 Pac. 183.

**11.** Instruction No. 25 was taken from section 5651, Revised Laws, and is correct, so far as it goes.   Contributory negligence, as we have said, is an affirmative defense, and if pleaded may be abandoned at any time. If the defendant did not see fit to ask for any instruction on contributory negligence, it was not obligatory upon the court to give it upon its own motion.

Appellant urges that the court erred in not giving its requested instruction No. 2.   This requested instruction is based upon the theory that plaintiff was engaged in making a dangerous place safe.   There is nothing in the evidence to justify such an instruction.

Defendant's requested instruction No. 5 was properly refused, for the reason that there was no evidence upon which to base it.

**12.** The court did not err in declining to give defendant's requested instruction No. 4.   The instruction was misleading.   There was no evidence tending to show that the plaintiff was employed in making a known dangerous place safe.   This requested instruction is substantially the same as requested instruction No. 2.

**13.** Plaintiff filed a cost bill, and defendant made a motion to retax costs.   Two items of the cost bill were for mileage and per diem of witnesses subpenaed in Tonopah, Nye County, Nevada, 244 miles from Reno, where the case was tried.   The lower court refused to retax the cost on these two items.   Defendant contends that, since section 5431, Revised Laws, provides that "no person shall be required to attend as a witness before any court, judge, justice, referee, or other officer, out of

the county in which he resides, unless the distance be less than thirty miles from his place of residence to the county of trial," the witnesses were not "required" to attend upon the trial, since they resided in another county and more than thirty miles distant, and could not be punished for contempt for refusal to obey the subpena, and therefore plaintiff was not entitled to these items as a part of his costs.

**14.** Witness fees were not paid at common law (40 Cyc. 2181; *Meagher* v. *Van Zandt,* 18 Nev. 230, 2 Pac. 57); consequently witness fees can be taxed only when expressly allowed by legislative enactment. It was also said in the Meagher case, *supra,* "that such fees are limited to witnesses who have been *required* to attend." And it was also held in the case mentioned that one was "required" to attend as a witness only when service of subpena was made upon him. Under the interpretation of the word "required" in that case, it would seem that the witnesses were not required to attend from Tonopah, and consequently these two items should have been disallowed. While Chief Justice Hawley filed a dissenting opinion in the Meagher case, there are numerous authorities sustaining the position of the court, among which are: *Thompson* v. *Hodges,* 10 N. C. 318; *Clark* v. *Linsser,* 1 Bailey (S. C.) 187; *Hopkins* v. *Waterhouse,* 2 Yerg. (Tenn.) 230; *Sapp* v. *King,* 66 Tex. 570, 1 S. W. 466; *Sawyer* v. *Aultman & T. Co.,* 5 Biss. 165 Fed. Cas. No. 12379; *Goodwin* v. *Smith,* 68 Ind. 301; *Fuller Buggy Co.* v. *Waldron,* 49 Misc. Rep. 278, 97 N. Y. Supp. 730; *Haines* v. *McLaughlin,* 29 Fed. 70, 12 Sawy. 126; *Lillienthal* v. *So. Cal. R. Co.* (C. C.) 61 Fed. 622; *Woodruff* v. *Barney,* Fed. Cas. No. 17986; *Fisher* v. *Burlington,* 104 Iowa, 588, 73 N. W. 1070; *Mylius* v. *St. Louis Ry. Co.,* 31 Kan. 232, 1 Pac. 619; *Butcher* v. *Vaca Co.,* 56 Cal. 598, 599; *Naylor* v. *Adams,* 15 Cal. App. 353, 114 Pac. 997, 998; *Carr* v. *Stern,* 17 Cal. App. 397, 120 Pac. 35–40.

**15.** While we are of the opinion that respondent is not entitled to recover mileage on account of the two witnesses who attended from Tonopah, we are of the opinion that he

should recover their per diem for the days they were upon the witness stand.

**16.** Two items in the cost bill are for witnesses who came from California. It is true that their mileage is taxed only for the distance from the state line. No subpena could have compelled them to come from California; but, since it was not shown on the hearing of the motion to retax costs that they were not served at the state line, we will not disturb these items.

The case of *State* v. *Gayhart*, 26 Nev. 278, 68 Pac. 113, is not in point on the motion to retax. The point decided in that case was that an acceptance of service of subpena was of the same legal effect as service by an officer.

It appearing that prejudicial error was committed by the trial court, it is ordered that the case be reversed, and a new trial granted.

*Per Curiam:*

Petition for rehearing denied.