## FIDELITY & DEPOSIT CO. OF MARYLAND v. SCOTT. (No. 2104.)

(Court of Civil Appeals of Texas. Texarkana. March 27, 1919.)

Costs ⟷184(2)—Necessity for Service of Subpoena.

It is only when a witness appears in obedience to an authorized subpoena entitling him to the statutory compensation that his fees may be finally taxed against the party cast in the suit.

Appeal from Grayson County Court; D. B. Steed, Judge.

Action between the Fidelity & Deposit Company of Maryland and N. C. Scott. From a judgment in favor of the latter, the former appeals. Reversed and rendered.

G. C. Harney and Head, Dillard, Smith, Maxey & Head, all of Sherman, for appellant.

B. F. Gafford, of Sherman, for appellee.

LEVY, J. In the trial of the case two certain witnesses were placed on the stand at the instance of the appellee and testified. These witnesses proved up their attendance and claimed witness fees. No subpœna ever issued for them to appear and testify, and they were not at court in obedience to a subpœna. They "both did testify in the county court in obedience to a request made upon them by the attorney for defendant." The clerk of the court made out a cost bill charging the above witness fees, along with all costs of the trial, against the appellee. A motion was made to retax costs. The trial court overruled the motion.

It is believed that the court erred in overruling the motion under the facts. It is when a witness appears in obedience to an authorized subpœna, entitling him to the statutory compensation, that his fees may be finally taxed against the party cast in the suit. Sapp v. King, 66 Tex. 570, 1 S. W. 466; Harris v. Coleman, 8 Tex. 278.

Judgment reversed and rendered.