ALBANY,
Feb. 1834.

Potter
v.
Richards.

## POTTER *vs.* RICHARDS.

The costs and expenses allowed to a defendant who is discharged from ar-. rest, on a warrant issued under the act to punish fraudulent debtors, are *taxable costs* according to the fee-bill, and no other.

THE plaintiff having commenced a suit in this court against February 6. the defendant, obtained a *warrant* against him under the provisions of the act to abolish imprisonment and *punish fraudulent debtors, Laws of* 1831, *p.* 396, § 3, 4, 5, whereon the defendant was arrested and brought before a commissioner, who, after receiving the defendant's affidavit and examining him on oath, dismissed the complaint and directed the defendant to be discharged from custody. The defendant thereupon made out a bill of costs incurred in the proceeding, and had the same taxed by a commissioner, on notice to the plaintiff. The commissioner allowed a counsel fee of $10, it being shewn that two counsel attended for the defendant, on the re- turn of the warrant; he also allowed $2 for the defendant's *time,* $1,50 for carriage hire, and $2,50 for the defendant's *expenses.* These items were objected to by the plaintiff, who now moves for a retaxation.

*M. T. Reynolds,* for the plaintiff. The statute provides that when a complaint like that instituted here shall be dismissed, the party making the same shall be liable for *all fees to officers* and for all *costs and expenses* which the defendant shall have incurred. *Laws of* 1831, *p.* 401, § 22. This provision gives the defendant no more than ordinary *taxable costs.* The words *damages* and *costs* in a statute include only taxable costs ac- cording to the fee-bill. 1 *R. L.* 328, § 23. *Cowen's Tr.* 266. 16 *Johns. R.* 141. 2 *id.* 107. The words *costs* and *expenses* are synonymous, 2 *Dunlap's Pr.* 708, 735, 736, and the word *charges* is of the like import, 1 *R. L.* 519, § 7; 2 *Dunlap's Pr.* 710. As to the allowance for *time,* it was wholly unauthor- ized. See 1 *Chitty's Cr. Law,* 9, 613, 826, as to allowance to prosecutors under English statutes.

ALBANY,
Feb. 1834.

Spencer
v.
Hilton.

*N. P. Randall,* for the defendant, submitted whether the costs given by the statute could be taxed and collected by attachment; if not, he contended that the taxation was a nullity, and a retaxation would not be ordered. Upon the merits, he insisted that the object of the statute was to make the defendant *whole,* by allowing him not only the fees paid to officers, but all costs and expenses incurred by him. The fee-bill makes no provision for a case like this.

*By the Court,* SAVAGE, Ch. J. A taxation was undoubtedly proper; there was a suit pending, and in a proceeding had therein, the defendant became entitled to costs, which could be liquidated only by taxation. I am of opinion, however, that the commissioner erred in the taxation. Besides fees to officers, the statute allows *costs* and *expenses* incurred by the defendant; these terms do not mean all expenses which may be incurred; they mean only *taxable costs.* When the legislature intend to give a party his *disbursements,* they use that term; they have not done so here, and the defendant can have no other *fees, costs* or *expenses,* than are provided by statute. A retaxation, therefore, is ordered.