By the Court,

Nelson, Ch. J.
The non-imprisonment act declares that, where the complaint is dismissed, the party-making it “ shall be liable for all fees to officers, and for all costs and expenses which the defendant shall have incurred.” (Sess. Laws of'31, p. 401, § 22; 1 R. S. 812, § 22, 2d ed.) By a subsequent act (Sess. Larks of ’38$ p. 97, § 3) it is provided that, a the. costs, fees and ekpentees &c. shall in all cases be made out by stating the particular charges, and be taxed by the officer before whom such proceedings shall be had; but no counsel, retaining or trial fee, shall be allowed either party; *542 nor shall the costs in any case [to] be taxed against the opposite party exceed the sum of ten dollars where the demand claimed by the plaintiff shall exceed fifty dollars, nor more than five dollars where the demand claimed by the plaintiff shall be fifty dollars or less.” Upon a fair construction of this statute, I am satisfied that the aggregate amount of costs and expenses taxable against the complainant cannot exceed ten dollars.
It seems to be supposed that the amount thus limited was intended to be confined to the fees of attorneys. But I am not aware that attorneys’ fees, in a case like the present, can be taxed, or that there is any law authorizing such charges. The fees allowed to attorneys by statute are confined to suits in courts of record. (2 R. S. 526, § 18 ; id. 528, § 27 ; Sess. Laws of ’40, p. 327, § 1 et seq.) They have never been allowed in summary proceedings before particular officers, where the services of an attorney, as such, are not necessary, for any person may conduct the proceeding.
Motion granted.(a)

 See Potter v. Richards, (10 Wend. 607.)