APPERSON v. THE MUTUAL BENEFIT LIFE INSURANCE COMPANY.

1. The word " costs " is a word of a known legal signification. It signifies, when used in relation to the expenses of legal proceedings, the sums prescribed by law as charges for the services enumerated in the fee bill.

2. " Costs of proving the document " to be paid on refusal or neglect to admit its execution, under the one hundred and fifty-sixth section of the Practice Act, are such costs only as are legally taxable under the fee bill for the attendance of the witnesses, and will not include the extra expenses incurred in procuring their attendance.

Argued at February Term, 1876, before Justices DEPUE and KNAPP.

For the plaintiff, *G. Collins.*

Contra, *C. Parker.*

The opinion of the court was delivered by

DEPUE, J.   The action in this case was on a policy of insurance issued to Apperson on his life.   It had been assigned to one Knowles, for whose use the suit was prosecuted.   The plaintiff called upon the defendants to admit the execution of the instrument of assignment under the provisions of the one hundred and fifty-sixth section of the Practice Act.   The defendants refused to admit the execution of the paper, and a witness was brought from Richmond, Virginia, for the purpose of making the necessary proof.   Application is now made for the taxation and allowance of the costs of making this proof.

The affidavit shows that $100 were paid to the witness for his attendance ; that the railroad fare in traveling was $25.70, and that he was in attendance on the court for two days ; and that the reasonable expenses of his stay were $5 a day.   It is claimed that the plaintiffs should have an allowance for these sums, or some portion thereof.

By the section referred to, either party may, by written notice, call on the other party to admit in writing the execution of any document ; and, in case of a refusal or neglect to admit for ten days after service of notice, the *costs of proving* the document shall be paid by the party so refusing or neglecting, whatever the result of the cause may be, unless, at

the trial, the judge shall certify that such refusal or neglect to admit was reasonable. *Revision, Practice of Law*, § 156.

The penalty prescribed by this section for a refusal to admit, is *the payment of the costs of proving* the document.

The word costs is a word of known legal signification. It signifies, when used in relation to the expenses of legal proceedings, the sums prescribed by law as charges for the services enumerated in the fee bill. Costs are only recoverable by force of a statute, and the allowance of them, in any case, will depend on the terms of the statute. *Corrigal* v. *London Railway Co.*, 5 *M. & G.* 219; *Metler* v. *E. and A. R. R. Co.*, 8 *Vroom* 222. In taxing costs, the only charges which can be allowed are those specifically provided for in the fee bill, and are not to be increased or diminished at the discretion of the court. *Anonymous, Spencer* 112. Under a statute which provided that, where a complaint shall be dismissed, the party making the same shall be liable for all *fees to officers*, and for *all costs and expenses* incurred by the defendant, it was held that the costs and expenses recoverable by a defendant on a dismissal were only taxable costs, such as were allowable under the fee bill. *Potter* v. *Richards*, 10 *Wend.* 607.

We think the legislature used the word costs in this section in a strict legal sense, as embracing only such items as would be legally taxable, in favor of the successful party, and at such rates as are fixed by law.

The fees of a foreign witness attending court are $1.00 for each day's attendance, and $1.00 for every thirty miles of travel within the state, in going to and returning from the place of trial.

There having been no certificate by the judge that the refusal or neglect to admit was reasonable, the plaintiff is entitled to costs, to be taxed as above, to be paid to him forthwith, on a service of a copy of the taxed bill.