No. 162.

## ALEXANDER ET AL. *v.* HARRISON.

WITNESS.—*Residence.*— *When Attendance can not be Enforced.*—In a civil suit the attendance of a witness can not be enforced in any other county than that in which he lives, or an adjoining county.

SAME.—*Obedience to Summons.*— *Waiver.*—*Taxation of Fee and Mileage.*— Where a witness who does not reside in the county, or in the county adjoining the one in which the trial is held, in pursuance of a subpœna attends court, he thereby waives his immunities, and the party producing him may, if he succeed, have the fee and mileage taxed against the losing party.

SAME.—*Dismissal of Action.*— *Witness Fees.*—Where the attendance of witnesses is procured in good faith, and the cause is settled or continued, or disposed of in any other manner, dispensing with the necessity for their use, the prevailing party may recover the costs of such witnesses; and the fact that the witnesses may have been in attendance at the request of parties without being regularly summoned will not defeat this right.

COSTS.—*Subpœna.*—*Sheriff's Fees.*—A sheriff who serves a subpœna upon a witness who is beyond the jurisdiction of the court, acts as the agent of the party who causes the subpœna to issue, and not in his official character, and his fees can not be recovered from the losing party.

From the Rush Circuit Court.

*W. A. Thompson, A. O. Marsh, J. W. Thompson, H. U. Johnson, B. L. Smith* and *C. Cambern,* for appellants.

CRUMPACKER, J.—Harrison had an action pending in the Rush Circuit Court against Alexander and a number of others for false imprisonment, which was settled at the October term, 1889, of said court, and the parties entered into a written stipulation whereby the cause was to be dismissed at the costs of the defendants, which was done, and judgment was rendered thereon in favor of the plaintiff for costs.

It appears from the record that the cause was set down for trial on the 8th day of October, and on the 20th day of September the plaintiff caused subpœnas to issue to the sheriffs of Wayne and Randolph counties for a number of witnesses residing in those counties, who attended court as wit-

nesses, and were present on the day the cause was set down for trial. These witnesses claimed fees and mileage for attendance, which were taxed by the clerk in the fee book, and the sheriff's fees for serving them were also taxed. After judgment had been entered in the cause the defendants moved the court, in writing, to tax the fees and mileage of such witnesses, and the fees and mileage of the officers for summoning them, to the plaintiff, on the ground that the witnesses did not reside in Rush county, nor in a county adjoining it, and their presence at the trial could not have been enforced, but was entirely voluntary, and none of them were sworn or examined at the trial.

An affidavit was filed in support of the motion, stating the residence of the witnesses, and showing that they lived neither in Rush county nor any county adjoining it, and they were not sworn nor used at the trial. It also appeared by the affidavit that the cause was not tried, but was settled by the parties. This motion was overruled, and the defendants excepted, and appeal from the decision of the court in overruling such motion.

There was nothing in the stipulation for the dismissal of the cause enlarging the appellants' liability for costs over what it would have been had they been defeated in the trial. It simply recited the settlement, and provided for the dismissal at appellants' costs.

It was said by the court in *Apperson* v. *Mutual, etc., Ins. Co.*, 38 N. J. L. 388: "The word 'costs' is a word of known legal signification. It signifies, when used in relation to the expenses of legal proceedings, the sums prescribed by law as charges for the services enumerated in the fee bill."

The terms "fees" and "costs" are often used interchangeably, as having the same application, but, accurately speaking, the term "fees" is applicable to the items chargeable by law as between the officer, or witness, and the party whom he serves; while the term "costs" has reference to

the expenses of the litigation as between litigants. *Musser* v. *Good*, 11 Serg. & R. Pa. 247. This distinction, however, has little, if any, practical value.

It is not claimed, in behalf of appellants, that the attendance of the witnesses was not procured in good faith, with the intention of using them if the cause had been tried; but they submit two propositions illustrating their position, both of which they claim should receive negative answers, viz. :

" 1st. In a civil suit can a person be subpœnaed as a witness, and his attendance as such be enforced by the court by attachment, or otherwise, when the person subpœnaed does not live in the county where the court sits, or in a county adjacent to, or adjoining, the one where the court is held ?

" 2d. If a person who does not live in the county, or the one adjoining the one where the court convenes, and in pursuance of a subpœna attends court, but is neither sworn nor testifies, is he a witness, and can the party producing him, if he succeed, have the fee and mileage taxed against the losing party ?"

The statute does not provide, in express terms, from what counties witnesses may be compelled to attend court in civil actions. Section 484 requires the clerk to issue summons for witnesses upon the application of any party to the suit. Section 489 provides that witnesses residing in the county in which the court is held, shall be compelled to attend court in obedience to the summons without fees first being paid or tendered, while section 490 requires the payment, or tender, of one day's fees and mileage, at the time, or before, the subpœna is served, in order to compel the attendance of a witness who lives in another county. Section 493 fixes the per diem and mileage of witnesses, and provides that in no case shall mileage be computed beyond the limits of adjoining counties.

Section 423 provides that " Where the witness does not reside in the county, or in a county adjoining the one in which

the trial is to be held," his deposition may be taken by either party, and read in evidence upon the trial, and compulsory process is provided to secure his attendance at the taking of the deposition.

We believe it has been generally understood, ever since the adoption of the code, that a witness could not be compelled to attend court as a witness, in any civil case or proceeding, in any other county than that in which he lives, or an adjoining county. While the provisions of the statute requiring fees and mileage tendered a witness before compelling him to leave his own county, are not expressly limited to the adjoining county, the amount of mileage to be tendered is so limited.

It would often result in a great hardship to compel a citizen to go as a witness to any county in the State for the small compensation provided by the statute, and to avoid the infliction of this hardship the Legislature has provided ample means for securing the testimony of witnesses living in distant counties, by deposition. Construing the several provisions of the statute upon this subject, as a whole, we think it clear that the attendance of a witness can not be enforced except in the county in which he lives or is served with process, or in an adjoining county.

Where the attendance of a witness can not be enforced, a summons issued and served upon him can have no mandatory force, and would amount to nothing more than a simple request for his presence.

But it by no means follows from the conclusion we have reached upon the first proposition submitted by counsel for appellants, that we shall concur with them in our answer to the other.

At common law the losing party in an action was not assessed with the payment of his adversary's costs as such, but was amerced in the way of punishment for waging a foundationless cause, or asserting a groundless defence. The right to recover costs is of strictly statutory origin, and in

this State it is fixed and absolute, yet it must be administered in careful conformity to the statutes, and is confined, as a rule, to the items of fees which the law authorizes to be taxed, and to the rate established by law.

The provisions of the law limiting the territorial jurisdiction of courts over persons summoned as witnesses were designed for the benefit and protection of the citizens, and not the litigants. These immunities, however, may be waived in the same manner as any other particular privilege may be. If one be served with a writ under such circumstances as will not render his obedience compulsory, he may attend notwithstanding his right to remain away, and if he does so, he submits himself to the jurisdiction and control of the court, and is entitled to the same protection and rights as would belong to one whose attendance was enforced.

A person who resides in a county adjoining the one in which the court is sitting, can not be required to attend court as a witness unless his fees and mileage be first paid or tendered, and unless this be done a writ served upon him would amount to no more than a mere request; yet, if he should waive the payment or tender of fees and mileage and actually attend in response to the writ, he can not be denied fees and mileage, and the party producing him may recover the costs against his adversary if he should be successful. The right to have taxed the expense of procuring the presence of such a witness, if he attends, in no sense depends upon the payment or tender of fees in advance, for this concerns no one but him. If the witness should refuse to respond to the summons under such circumstances, the service would be unavailing, and the party causing the service to be made could not collect the costs thereof from his adversary, if successful in the suit. But where the witness does attend, we know of no reason in law or equity that would prevent the prevailing party from recovering the expenses of the witness as part of his costs. These principles apply with equal force to *witnesses* residing in distant counties. Indeed,

the law seems to contemplate the attendance of witnesses in some cases from localities beyond the mandatory reach of a subpœna, because it is provided in the fee bill that mileage for witnesses shall not be computed beyond the limits of an adjoining county. If in no instance could a party recover the costs of a witness whose presence could not be enforced, no reason would have existed for this limitation of mileage charges.

Counsel for appellants refer us to the cases of *Meagher* v. *Van Zandt,* 18 Nev. 230, and *Sapp* v. *King,* 66 Texas, 570, which hold that a litigant can not recover the costs of a witness brought from beyond the mandatory limit of a subpœna, whether he is used or not; but an examination of these cases discloses that they were based upon the peculiar language of the witness fee bill in those jurisdictions. The Nevada case was decided upon the authority of *Spaulding* v. *Tucker,* 2 Saw. 50, and *Woodruff* v. *Barney,* 2 Fisher's Pat. Cas. 244, which hold that under statutes providing for *per diem* and mileage of witnesses whose attendance is required " pursuant to law," a witness whose presence is not so *required* is a voluntary witness and no statutory provisions exist authorizing the taxation of his fees, and consequently they can not be recovered as costs. The Texas case is expressly based upon a similar statute.

Section 493 of the code in this State provides that "*Every witness* attending the circuit, superior, and criminal courts, from *another county,*" shall receive one dollar and twenty-five cents per day, and mileage not to be computed beyond the limits of the adjoining county. Keeping in mind the fact that the right to recover costs is purely statutory, this difference in the provisions of the law in this State, and the provisions of the law in the authorities cited, is important.

It was held in *Vence* v. *Speir,* 18 How. Pr. 168, that " Witnesses, who come from a distance at the request of parties, without subpœna, are entitled to the allowance for travelling expenses, and to the *per diem* allowance provided by statute."

In the case of *Lagrosse* v. *Curran,* 10 Phila. 140, it was said : "The fee bill gives compensation to witnesses for daily attendance upon court ; it does not say anything about attendance in obedience to subpœna ; if subpœnaed, there is an additional allowance for cost of services ; this is necessary, to enable a party to compel attendance."

This doctrine is sanctioned in *Whipple* v. *Cumberland, etc., Mfg. Co.,* 3 Story, 84, and *Hathaway* v. *Roach,* 2 Wood. & M. 63.

Our conclusion is that every material and competent witness who attends any circuit, superior, or criminal court in this State, as such, is entitled to the statutory per diem and mileage, and the party producing him, if successful, may recover the costs of such witness from the adverse party, without regard to his place of residence.

With respect to the fees of the officer who summons a witness beyond the jurisdiction of the court, a different principle applies. It is only where an officer of court performs a service imposed upon him by law that his fees may be taxed and recovered from the losing party.

The purpose of a subpœna is to place the witness under the " order and censure " of the court, and a writ which does not effect this is not a subpœna within the meaning of the law. 1 Thompson Trials, section 160 ; 1 Greenl. Evidence, section 315.

Bouvier defines this writ as "A process to cause a witness to appear and give testimony, commanding him to lay aside all pretences and excuses, and appear before a court or magistrate therein named, at a time therein mentioned, to testify for the party named, under a penalty therein mentioned."

The service of a subpœna beyond the jurisdiction of the court amounts to a request by the party who served the same, for the person served to appear. *Westfall* v. *Madison County,* 62 Iowa, 427.

In the case before us the sheriffs who served the writs in question performed this service, not as public officers, but as

agents of the appellee, and section 484 of the code provides that when such a writ is served by any person excepting the " sheriff" no fees for such service shall be taxed.

The title " sheriff," in this section, applies to that officer acting in his official character. We are not to be understood as intimating that a sheriff who performs such services for another, as an agent only, is not entitled to compensation therefor as against the principal; but we do declare that as between litigants, only such fees can be recovered as the law authorizes to be taxed for the performance of an official act.

The further point is made in this case, that if the witnesses were in attendance voluntarily, and not in obedience to authoritative command, not being sworn, the costs of their attendance are not recoverable on the authority of *Goodwin* v. *Smith*, 68 Ind. 301. It was said in that case, that "A person who is neither subpoenaed, nor sworn on the trial of a cause, can not claim a witness fee, and the mere act of the clerk in taxing a fee for such witness can not make it valid."

This statement can be regarded as authoritative only so far as it applies to the point decided, and to that extent it was correct. That cause was tried upon its merits in the circuit court, and the witness whose fees were taxed was neither summoned, sworn, nor examined.

A party who summons a witness can not recover the costs of such witness unless he uses him, or unless he testifies to some material matter, except in cases where the testimony of the witness is made unnecessary by the unexpected act of the adversary, or the happening of some unforeseen contingency.

But where the attendance of witnesses is procured in good faith, and the cause is settled, or continued, or disposed of in any other summary manner, dispensing with the necessity for their use, the prevailing party may recover the costs of such witnesses. *Teeple* v. *Dickey*, 94 Ind. 124; *Miller* v. *DeArmond*, 93 Ind. 74.

And the fact that the witnesses may have been in attendance at the request of parties without being regularly sum-

moned will not defeat this right. *Farmer* v. *Storer*, 11 **Pick.** 241.

We conclude that as to the fees and mileage of the witnesses the motion to retax was correctly overruled; but as to the fees of the officers for serving the writs upon them it should have been sustained.

The judgment is reversed to the extent above indicated, at the appellee's costs, with instructions to the trial court to proceed in accordance with this opinion.

