## CAUTHORN *v.* BIERHAUS ET AL.

[No. 6,423.   Filed May 12, 1909.   Rehearing denied July 1, 1909. Transfer denied October 8, 1909.]

1. JUDGMENT.—*Motions to Modify.—Time of Making.*—A motion to modify a judgment is properly made at the time of the rendition of the judgment, or when the judgment is read in open court, but must be made at the same term, otherwise the court has no jurisdiction.   p. 363.

2. JUDGMENT.—*Correction After Term.*—The trial court, after the term at which judgment is rendered, has the power in a proper proceeding to correct clerical mistakes.   p. 364.

3. JUDGMENT.—*Motions to Modify.—Excusable Neglect.*—After the term at which the judgment is rendered, the trial court has no power to modify its judgment on the ground of mistake, inadvertence, or excusable neglect, under §405 Burns 1908, §399 R. S. 1881, since the error to be relieved from is not that of the party, but of the court.   p. 364.

4. JUDGMENT.—*Costs.—Uncertain.*—A judgment, in a quiet title case, that the plaintiff recover judgment as to all costs in quieting a certain lot, and defendants recover costs as to the other lots, is neither uncertain nor unintelligible, though it may be erroneous and difficult of ascertainment.   p. 365.

5. JUDGMENT.—*Costs.—Judicial and Administrative Action.*—Rendering a judgment for costs is a judicial act, but ascertaining the amount of such costs is an administrative act.   p. 366.

6. COSTS.—*Motions to Retax.—Judgment.*—Where the items of costs covered by a judgment are uncertain, a motion to retax is the proper remedy.   p. 366.

From Knox Circuit Court; *Louis A. Meyer,* Special Judge.

Suit by Margaret C. Cauthorn against William C. Bierhaus and another.   From the judgment rendered, plaintiff appeals.   *Affirmed.*

*Robert G. Cauthorn,* for appellant.

*C. B. Kessinger,* for appellees.

RABB, J.—Appellant brought a suit in the court below to quiet title to parts of lots No. 45, No. 46, No. 55 and No. 56 in the old town of Vincennes. A general denial was filed to the complaint, a trial was had, resulting in a finding against the plaintiff as to lots No. 46, No. 55 and No. 56, and in her favor as to lot No. 45, and upon this finding the following judgment for costs was rendered: ''That the defendants recover from the plaintiff their costs and charges laid out and expended, except as to their costs made in quieting title to said lot No. 45, and as to all costs in quieting lot No. 45, the court adjudges that the plaintiff recover of the defendants their costs and charges laid out and expended.''

No objection was taken by appellant to the form of the judgment, and no motion was made at the term at which it was rendered to correct or modify it. But more than a year after the close of the term, the appellant filed what is termed a motion to modify the judgment, in which the court was asked to set aside the judgment for costs therein rendered in favor of appellee, and render judgment for all the costs in favor of appellant. This motion was overruled, and the appellant, at a subsequent term of court, filed a second motion, which is designated, also, as a motion to modify the judgment, and which avers that the judgment is uncertain and indefinite, and asks that the judgment be modified by the court, by setting out some rule making definite and certain the method by which the costs may be taxed.

Parties to an action in court are presumed to be in court at every step taken in their cause, and if any objectionable action is taken by the court it is their duty to present 1. their objections at the time action is had. The parties are supposed to be in court when the judgment in their case is pronounced, and after judgment is pronounced by the court and entered of record upon the order-book the law requires that the entry of the judgment shall be read in open court. The object of this requirement is that all parties may know and understand exactly what judgment has

been rendered by the court and entered in the case, and it is their business to be present in court when the records are read. They are supposed to be there, and if they have any objection to the form of the judgment rendered such objection should be presented at the time the judgment is read. The proper method of raising such objection is by motion to modify the same. *Quill* v. *Gallivan* (1886), 108 Ind. 235; *Walter* v. *Walter* (1889), 117 Ind. 247; *Johnson* v. *Prine* (1876), 55 Ind. 351; *Atkisson* v. *Martin* (1872), 39 Ind. 242; *Forsythe* v. *Kreuter* (1885), 100 Ind. 27; *Adams* v. *La Rose* (1881), 75 Ind. 471; *Berkey & Gay Furniture Co.* v. *Hascall* (1890), 123 Ind. 502, 8 L. R. A. 65; 2 Elliott, Gen. Prac., §1034. Such motion must be made at the same term at which the judgment is rendered, while the court yet has jurisdiction of the cause. After the close of the term the case ceases to be *in fieri*, and the court has no further jurisdiction to take any action whatever in it. It may, of course, in a proper case, in a proper proceeding, correct clerical mistakes in the entry of the record of the judgment, but it is not such a mistake that is sought here to be corrected.

It is insisted that appellant's proceeding can properly be sustained under the provisions of §405 Burns 1908, §396 R. S. 1881, authorizing the court to grant relief to parties against whom judgment is rendered, under certain circumstances. The provisions of this section, so far as they could possibly apply to this proceeding, are as follows: "The court may also * * * relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect, and supply an omission in any proceeding, on complaint or motion filed within two years." The defect sought to be cured here clearly does not come within the meaning of any of the terms used. While it may be said that the judgment of the court in favor of appellee for any part of the costs was a mistake, it was not the appellant's mistake, but if a mistake, was a

mistake of law made by the court. It is only for mistakes of the party seeking to be relieved, which have prevented him from having a fair trial of his case, that the courts are authorized to grant relief under this section, and not mistakes made by the court. Other remedies are provided for such mistakes.

It is further insisted that the judgment, as it stands, is so indefinite and unintelligible that for this reason it cannot be enforced; that it is impossible to determine under the terms of the judgment what specific costs each of the parties is required to pay, and that courts possess inherent power to make their judgments intelligible.

We are far from agreeing with appellant that after the term at which a judgment is rendered the court has any power to alter, modify, or in any manner change the judgment pronounced and recorded, in order to make it more intelligible, or for any other purpose. But it is unnecessary to decide this question.

The judgment here rendered for costs is neither uncertain nor unintelligible. It is very probably erroneous, and there may be some difficulty, as there usually is when adverse parties to a judicial proceeding recover judgments against each other, in the taxation of the costs. It may be hard for the clerk to determine what items of the costs made in the case, under the judgment, should be taxed to the respective parties. Had the appellees in this case filed a counterclaim, and demanded a judgment in their favor quieting their title to lots No. 46, No. 55 and No. 56, and the court had found in their favor upon the counterclaim, and against them in favor of the appellant as to lot No. 45, the judgment rendered in this case for costs would have been free from error, and would have been precisely the kind of judgment that the court would necessarily render, and the same difficulty would then have arisen over the taxation of the costs. There is no uncertainty in the judgment. The uncertainty arises over the administrative act of taxing costs. The judgment for

costs is one thing, and the taxation of the costs another —one a judicial function performed by the court, the other purely administrative, performed by the clerk— and the proper method of bringing the difficulties that lay in the way of executing the judgment of the court in this case before the court for determination was by a motion to retax costs, supported by affidavits bringing before the court all the items of costs. Under such a proceeding the court will determine which of the parties is liable for each item of cost, and how the same should be taxed. But this difficulty cannot be reached in this kind of a proceeding.

The judgment of the court below is affirmed.