# CASES DECIDED

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1918, AND MAY TERM, 1919, IN THE ONE HUNDRED SECOND AND ONE HUNDRED THIRD YEARS OF THE STATE.

---

STATE OF INDIANA, EX REL. FRIEDMAN *v.* FREIBERG ET AL.

[No. 9,861. Filed April 16, 1919.]

1. EVIDENCE.—*Judicial Notice.—Authentication of Transcript.— Designation of Clerk.*—A transcript of a record on an appeal from the circuit court, signed by the clerk of the superior court, is sufficient, since the appellate court judicially knows that the clerk of the circuit court is *ex officio* clerk of the superior court. p. 3.

2. INTOXICATING LIQUORS.—*Revocation of Liquor License.—Liability for Attorney's Fees.—Bond.—Statute.*—In a proceeding to revoke a liquor license, a bond filed with the complaint, and conditioned that plaintiff shall pay all costs and charges if the license is not revoked, as required by §8323y Burns 1914, Acts 1911 p. 244, does not require the payment of attorney's fees incurred in defending the action. pp. 3, 4.

3. COSTS.—*Right to Recover.*—Costs are never allowed a party in the absence of a statute, and a party claiming costs must show that the costs or charges which he claims are within the statute. p. 4.

4. STATUTES.—*Construction.—Common-Law Meaning.*—Where words of a definite significance under the common law are used in a statute, and there is nothing to show that they are used in a different sense, they are deemed to be employed in their known and defined common-law meaning. p. 4.

From Marion Circuit Court (25,828); *Louis B. Ewbank*, Judge.

Action by the State of Indiana, on the relation of

Hyman Friedman, against Ben Freiberg and another. From a judgment for defendants, the relator appeals. *Affirmed.*

*Richard M. Fairbanks, John Ogden* and *Merrill Moores,* for appellant.

*Ben Berg,* for appellee.

McMahan, J.—This is an action by the State of Indiana, on the relation of Hyman Friedman, to recover against Ben Freiberg and The National Surety Company of New York City, New York, upon their bond, the sum of $100 charges for attorney's fees in defending a cause of action instituted by Ben Freiberg, one of the appellees, to suspend or revoke a liquor license held by the relator, Hyman Friedman.

The complaint alleges that the appellee Ben Freiberg filed his complaint for the revocation of a retail liquor license held by the relator; that he gave a bond, as required by §8323y Burns 1914, Acts 1911 p. 244, §20, with the appellee surety company as surety, and conditioned that the appellees "shall pay all costs and charges incurred by the said Hyman Friedman if such license be not suspended or revoked"; that said cause was tried, and a judgment rendered in favor of the relator, and that his license was not suspended or revoked; that relator was compelled to, and did, incur a charge of $100 for attorney's fees in defending said action. The appellees filed separate demurrers to the complaint, which were sustained. Relator excepted and, refusing to plead further, judgment was rendered against him that he take nothing.

Appellees have called our attention to the fact that the transcript filed in this court is signed by Theodore

1. Stein, Jr., as "Clerk of the Superior Court, Marion County, Ind.," instead of clerk of the circuit court, and insist that this is not sufficient to bring any question before this court.

This court judicially knows that the clerk of the Marion Circuit Court is *ex officio* clerk of the Superior Court of Marion county. The certificate is signed by the person who was in fact clerk of the Marion Circuit Court, and is witnessed by the seal of the circuit court. This is sufficient.

The only question involved in this appeal is, Do the words "costs and charges incurred" in the bond include attorney's fees incurred in defending the action for the revocation of the liquor license held by the relator?

2. Section 8323y, *supra,* authorizes any voter of the city or township for which a license to sell intoxicating liquor has been granted to file his complaint for the revocation or suspension of such license, and provides that upon the filing of such complaint and "a bond in the sum of two hundred dollars, with sureties to be approved by the auditor, payable to the holder of such license, to the effect that such voter will pay all cost and charges incurred by the holder of the license if the license be not suspended or revoked, the board of commissioners shall issue notice to the holder of such license. * * * If such licensee appears and contests such application to revoke his license, he shall, at the time of such appearance, file a bond payable to the remonstrators in the same sum and upon the same conditions as above herein required of the complainant in such cases."

Costs are never given or allowed a party in the

3. absence of a statute, and a party claiming costs must show that the costs or charges which he claims are within the statute.

It has been the policy of the courts from the earliest times to allow only such costs and charges as are properly taxable as costs.

2. The phrase "costs and charges" at common law had a well-known, fixed and definite meaning when used in connection with courts and legal procedure. The technical use of these words had become fixed and recognized by the courts of England as early as the case of *Fox* v. *Smith* (1765), 2 Wils. 267. The action in that case was on a bond given to perform the award to be made by arbitrators. The arbitrators made an award requiring the payment of a certain sum and all such "costs, charges and expenses" as the plaintiff had been put to in the cause. The court, speaking through the Lord Chief Justice, said: "By costs, charges and expenses, are meant such costs, etc., as courts take notice of by their officer; it might be said that all costs between the attorney and client are meant thereby, but we will take the words of the arbitrators to mean the same as if they had been the words of the court."

4. Where words of a definite significance under the common law are used in a statute, and there is nothing to show that they are used in a different sense, they are deemed to be employed in their known and defined common-law meaning. *Truelove* v. *Truelove* (1909), 172 Ind. 441, 86 N. E. 1018, 88 N. E. 516, 27 L. R. A. (N. S.) 220, 139 Am. St. 404.

We know of no authority in this state authorizing a recovery of attorney's fees as costs or charges. In

NOVEMBER TERM, 1918. 5

Chicago, etc., R. Co. *v.* Wesolowski, Admx.—70 Ind. App. 5.

fact, it has been held that attorney's fees could not be allowed in partition when the expression was "costs and expenses." *Hutts* v. *Martin* (1893), 134 Ind. 587, 33 N. E. 676. The legislature in the enactment of the statute requiring the giving of a bond doubtless had in mind the construction which the courts have given the phrase.

The construction which the courts have given such phrases as "costs and charges" included only such charges as the court had jurisdiction to adjudicate and to enforce by the necessary order for their payment. Had it been the intention of the legislature to include attorney fees, they would doubtless have said so, as they did when it was provided that attorney fees should be included as a part of the expense in partition suits. §1265 Burns 1914, Acts 1893 p. 315.

The court committed no error in sustaining the demurrer to the complaint.

Judgment affirmed.