LARRY J. CALHOUN *v.* SHARON HAMMOND.

[No. 3-575A93. Filed April 22, 1976.]

*J. Conrad Maugans, Bayliff, Harrigan, Cord & Maugans,* of Kokomo, for appellant.

*Jeffry G. Price, Rhodes & Price,* of Peru, for appellee.

HOFFMAN, J.—On January 23, 1975, the jury returned its verdict against defendant-appellant Larry J. Calhoun and in favor of plaintiff-appellee Sharon Hammond in an action for damages arising from personal injuries sustained by the latter. The trial court entered judgment thereon. Thereafter, Hammond filed a written "Motion for Taxing of Costs in Favor of the Plaintiff, Sharon Hammond, Against the Defendant." By such motion, Hammond sought the recovery of an amount totalling $311, which included an expert witness fee of $200, three other witness fees of $20 each, a filing fee of $26, and compensation for "[c]osts of transcription of deposition of Larry Calhoun" amounting to $25. The motion was subsequently granted by the trial court.

Appellant contends on appeal that certain of the fees and expenses set forth in Hammond's motion may not properly be taxed as costs. The inclusion of the filing fee in the amount of $26 is not, however, in dispute.

Indiana Rules of Procedure, Trial Rule 54(D), provides that,

"Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs in accordance with any provision of law; but costs against any governmental organization, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be computed and taxed by the clerk on one [1] day's notice. On motion served within five [5] days thereafter, the action of the clerk may be reviewed by the court."[1]

---

1. IC 1971, 34-1-32-1 (Burns Code Ed.), also provides that, "In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law. [Acts 1881 (Spec. Sess.), ch. 38, § 468, p. 240.]"

The term "costs", appearing in the above context has a limited meaning. In *Stayner* v. *Bruce, et al.* (1953) 123 Ind.App. 467, at 471, 110 N.E.2d 511, at 513 (transfer denied), this court stated,

"Court costs were unknown at common law and were not recoverable, *eo nomine,* by either party. In this state the right to recover costs and liability for the payment thereof are matters entirely for the legislature, *Latshaw* v. *State, ex rel.* (1901), 156 Ind. 194, 59 N.E. 471, and courts have no inherent power in connection therewith. Costs cannot be allowed to one party or imposed upon another in the absence of a statute so providing. *State, ex rel.* v. *Freiberg* (1919), 70 Ind.App. 1, 122 N.E. 771. However the determination of which party has the right to recover costs under a statute authorizing their assessment is a judicial process. *Cauthorn* v. *Bierhaus* (1909), 44 Ind.App. 362, 88 N.E. 314, and the court's determination of the question is an integral part of its judgment. *Gescheidler* v. *Nat. Casualty Co.* (1951), 120 Ind.App. 673, 96 N.E.2d 123. It can be said, we think, that a court is powerless to render judgment for costs in a manner forbidden by statute even though it has jurisdiction of the subject matter and the parties and an attempt to do so is illegal. *Wagner* v. *Peoples Bldg. & Loan Ass'n.* (1943), 292 Ky. 691, 167 S.W.2d 825."

More recently, our Supreme Court, in *State v. Holder et al; Rentchler et al.* (1973), 260 Ind. 336, at 338, 295 N.E.2d 799, at 800, stated:

"It is generally agreed that since costs were unknown at common law the right of their recovery is statutory and thus may be awarded by a court only when there is statutory authorization to do so."

The schedule of authorized witness fees is to be found in IC 1971, 5-7-9-4 (Burns Code Ed.), which provides as follows:

"Witness fees in the circuit, superior and criminal courts, and in suits before justices of the peace, shall be as follows, to wit:

"Every witness attending the circuit, superior, and criminal courts, in his own county, per day, five dollars [$5.00].

"Every witness attending the circuit, superior, and criminal courts, from another county, per day, five dollars [$5.00].

"For each mile necessarily traveled in going, and returning from court, from his residence, eight cents [8¢].

"Witness fees, before a justice of the peace, shall be as follows: Attending, per day, one dollar [$1.00], and mileage for each mile necessarily traveled in going to, and returning from court, from his residence, five cents [5¢]: Provided, That the party subpoenaing more than three [3] witnesses to testify in a civil case, to the same fact, shall pay the costs of all over three [3]."

In addition, IC 1971, 34-1-14-12 (Burns Code Ed.), provides:

"A witness who is an expert in any art, science, trade, profession or mystery may be compelled to appear and testify in any court in the county of the residence of the witness or any court in the adjoining county to an opinion, as such expert, in relation to any matter, whenever such opinion is material evidence relevant to an issue on trial before a court or jury, *without payment or tender of compensation other than the per diem and mileage allowed by law to witnesses,* under the same rules and regulations by which he can be compelled to appear and testify to his knowledge of facts relevant to the same issue." (Emphasis added.)

In *Keifer, Sheriff, et al.* v. *Summers et al.* (1894), 137 Ind. 106, at 108-109, 35 N.E. 1103, at 1104, it was stated:

"*Fees are moneys due to witnesses and officers for services rendered in court. They are a part of the costs of the action, and are due from the party who procured the services.* If the party who has made such costs, and who owes such fees, is successful in the litigation, the court will award him a judgment against the defeated party, and this judgment will include whatever costs the successful party has been compelled to make. This judgment for costs is the sole property of the person in whose favor it is rendered, as much so as any other judgment. *Hays* v. *Boyer,* 59 Ind. 341; *Miller* v. *State, ex rel.,* 61 Ind. 503." (Emphasis added.)

See also, *Kepler* v. *Jessup* (1894), 11 Ind.App. 241, 37 N.E. 655.

Also, in *Alexander et al.* v. *Harrison* (1891), 2 Ind.App. 47, at 48-49, 28 N.E. 119, at 119-120, it was stated:

"It was said by the court in *Apperson* v. *Mutual, etc., Ins. Co.*, 38 N.J.L. 388; 'The word "costs" is a word of known legal signification. It signifies, when used in relation to the expenses of legal proceedings, the sums prescribed by law as charges for the services enumerated in the fee bill.'

"The terms 'fees' and 'costs' are often used interchangeably, as having the same application, but, accurately speaking, the term 'fees' is applicable to the items chargeable by law as between the officer, or witness, and the party whom he serves; while the term 'costs' has reference to the expenses of the litigation as between litigants. *Musser* v. *Good*, 11 Serg. & R.Pa. 247. This distinction, however, has little, if any, practical value."

The Legislature intended that witness fees be included within the meaning of the term "costs." But, in any case, the law does not permit the taxation of such fees in excess of the amounts prescribed by IC 1971, 5-7-9-4, *supra.* IC 1971, 34-1-14-12, *supra,* cannot, under any circumstances, be considered to authorize fees for expert witnesses, or the costs occasioned thereby, in excess of the amounts set forth in the fee schedule applicable to other witnesses. *Cf: Baum* v. *United States* (5th Cir., 1970), 432 F. 2d 85.

Particularly, in regard to expert witnesses the court in *State* v. *Holder, et al; Rentchler, et al., supra,* at 339-40 of 260 Ind., at 801 of 295 N.E.2d, stated:

"The decision to retain expert witnesses to testify for the defendant in an eminent domain proceeding concerning damages is a decision left solely to the discretion of the defendant and the amount of professional charges to be paid to defendant's expert should be a matter between defendant and his witness. Likewise trial preparation expenses in a proceeding such as this (which might include mail, travel, telephone and photograph fees) are uniquely those of the individual party to the action and are not usually contemplated to be included in the statutory use of the word 'costs.' *Manchester Housing Authority* v. *Belcourt* (N.H. 1971), 285 A. 2d 364; *State by Commissioner of Transportation* v.

*Mandis* (1972), 119 N.J. Super. 59, 290 A. 2d 154; *Frustuck* v. *Fairfax* (1964), 230 Cal.App. 2d 412, 41 Cal. Rep. 56."

Although the court in *Holder* was specifically concerned with the taxing of costs in an eminent domain proceeding, the rationale therein expressed with regard to expert witnesses is equally applicable in this instance. The expert witness fee sought herein is clearly in excess of any amount authorized under IC 1971, 5-7-9-4, *supra.*

It cannot, however, be determined with complete certainty that the other witness fees taxed as costs do not conform to the amounts permitted under IC 1971, 5-7-9-4, *supra.* The motion does not disclose the number of days each witness was in attendance, nor does it specifically account for any amounts, by reason of mileage, claimed in addition to the per diem allowance. However, in the absence of such disclosures in the case of each witness, the motion should not have been granted.

Appellant also contends that the trial court erred in taxing witness fees as costs upon the filing of an unverified motion by plaintiff's counsel and absent any claim for such fees on the part of the witnesses concerned. An examination of the written motion as it appears in the record discloses that it is, indeed, unverified. Moreover, it is not disputed that the witnesses for whose services costs were sought to be taxed did not, in fact, claim their fees from the clerk.

IC 1971, 5-7-9-9 (Burns Code Ed.), provides:

"Witnesses shall claim their fees at such term as they attend, and not afterward; and clerks shall note such fees at the time they are claimed, * * * and all clerks shall, in a book to be kept for that purpose, enter all fees as the services are rendered; and the clerk of the Supreme Court, or any inferior court of record, shall have power, while he is in office, to issue fee-bills from the books aforesaid, and the records and papers on file in his office, for services rendered by himself, or for services rendered by any other person in said court, at any time after such services are rendered."

Further, in *Goodwin et al.* v. *Smith et al.* (1879), 68 Ind. 301, at 304, it was stated: "The clerk has no right to tax a fee for a witness, unless the witness claims it." A literal interpretation of the terms of the above quoted statute and the language found in *Goodwin* might suggest that a fee may not be taxed unless a witness should make a personal demand of it to the clerk. However, Ind. Rules of Procedure, Trial Rule 45(G), provides:

"Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person who shall be required to attend outside his county of residence as provided in section C, and by so tendering to him the fees for one [1] day's attendance and the mileage allowed by law. Such tender shall not be required to be made to a party who is subpoenaed or to an officer, employee, agent or representative of a party which is an organization, including the estate or any governmental organization, who is being examined upon any matter connected in any way with his employment or with duties to the organization."

Under this rule, the service of a subpoena must, in certain instances, be accompanied by a tender of the statutory fee. Therefore a witness who has received a fee equivalent to the amount subsequently earned would not later demand it of the clerk. Such being the case, the party at whose instance the subpoena had been issued should recover such costs advanced *upon proof of the advance payments and so long as such amounts do not exceed statutory limitations.*

In the case at bar, however, the witnesses did not make a personal demand for their fees nor did the mere listing of the fees in the motion constitute proof that any of the amounts claimed had, in fact, been advanced. The motion should not have been granted.

Appellant further contends that the expense attributed to the "transcription of deposition of Larry Calhoun", is not properly taxable as a cost.

On this question, appellee has not pointed out nor have we found statutory authority permitting the taxation of expenses

incurred in the transcription of depositions as costs.[2] It must be concluded that the amount attributed to such an expense herein should not have been taxed.

Accordingly, the ruling of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 345 N.E.2d 859.

---

2. Although not directly applicable to the question presented here, consider Ind. Rules of Procedure, Trial Rule 30(G).