Olliphene COX, Appellant (Plaintiff Below),

v.

Michael UBIK and Joseph Winters, Appellees (Defendants Below).

No. 3–980A292.

Court of Appeals of Indiana, Third District.

July 30, 1981.

James J. Nagy, Eichhorn, Eichhorn & Link, Hammond, for appellant (plaintiff below).

Timothy F. Kelly, Randall J. Nye, Robert F. Parker, Beckman, Kelly & Smith, Hammond, for appellee Michael Ubik (defendant below).

HOFFMAN, Presiding Judge.

Plaintiff-appellant, Olliphene Cox (Cox) appeals a trial court award of costs to defendant-appellee Michael Ubik of $3,500 including attorney fees and deposition expenses. Cox contends that the award of costs was contrary to law. This Court will consider the following issues:

(1) whether the trial court erred in awarding attorney fees to the defendant;

(2) whether there was sufficient evidence to support the trial court finding of bad faith;

(3) whether the trial court erred in awarding deposition expenses to the defendant; and

(4) whether the procedure for awarding costs in Ind. Rules of Procedure, Trial Rule 54(D) was correctly followed.

This appeal arose from a negligence suit filed by plaintiff Cox against defendants Michael Ubik and Joseph Winters as a result of injuries sustained in an auto accident which occurred on the morning of February 11, 1976. At trial, Cox claimed that Ubik's car collided with the rear of her car and thereby caused her collision with a retaining wall and with Winters' auto. A jury verdict was returned in favor of the defendants and judgment was entered accordingly on December 7, 1979. On March 25, 1980 defendant Ubik filed a motion to assess costs with the trial court alleging bad faith on the part of Cox in failing to dismiss Ubik from the negligence action and requesting that Cox be taxed with Ubik's attorney fees and deposition expenses. Cox did not reply to the motion and on April 28, 1980 the trial court entered the following order:

"Comes now the Court and now grants defendant Michael Ubik's Motion to Assess to Costs which motion was heretofore filed March 25, 1980. Plaintiff has

made no reply in writing to said motion. The Court, in hearing the testimony of Plaintiff at the Jury Trial concludes that plaintiff is guilty of bad faith in not dismissing Michael Ubik from this action prior to trial and that because of such behaviour was necessary for defendant to incur expenses and attorney's fees. Court hereby taxes costs of attorney's fees and deposition costs against plaintiff Olliphene Cox in the amount of $3,500.00."

Cox timely filed her motion to correct errors and, on the denial thereof, perfected this appeal.

Cox's first argument is that the trial court erred in awarding attorney fees to Ubik in this action. She maintains that there is no statutory authority for ordering a losing party in a negligence suit to pay the counsel fees of an opposing party. Moreover, Cox correctly observes that there is no agreement between the parties here regarding attorney fees. Therefore, Cox argues that the trial court could not award attorney fees as part of the costs.

■ Costs may be awarded as of course to a prevailing party in a negligence suit pursuant to Ind. Rules of Procedure, Trial Rule 54(D).[1] The term "costs" in a statute, however, has been held not to include attorney fees. *State v. Holder et al.; Rentchler et al.* (1973), 260 Ind. 336, 295 N.E.2d 799. This is consistent with the general rule in Indiana that each party must pay his own counsel fees in the absence of a statute or agreement providing otherwise. *Trotcky v. Van Sickle* (1949), 227 Ind. 441, 85 N.E.2d 638.

This general rule has been subjected to several exceptions in recent years. In *St. Joseph College et al. v. Morrison, Inc.* (1973), 158 Ind.App. 272, 302 N.E.2d 865, this Court held that, in the absence of a statute or agreement regarding attorney

fees, a trial court may use its inherent equitable powers to allow such fees where a party has acted in bad faith (the "obdurate behaviour" exception); where a court wants to insure that the beneficiaries of an action are the ones to share the expenses of that action (the "common fund" exception); and where the court compensates a private party who has brought suit to effectuate a strong legislative policy (the "private attorney general" exception). *Id.* at 279–280, 302 N.E.2d at 870.

See also, *Umbreit v. Chester B. Stem, Inc.* (1978), Ind.App., 373 N.E.2d 1116; *City of Indianapolis, etc. v. Central R. Co.* (1977), Ind.App., 369 N.E.2d 1109.

Since neither the "common fund" exception or the "private attorney general" exception apply to the case at hand, only the "obdurate behaviour" exception is at issue here.

In *St. Joseph, supra,* this Court stated that, in order to constitute bad faith or obdurate behaviour for the purpose of awarding attorney fees, conduct must be "vexatious and oppressive in the extreme." *Id.* 158 Ind.App. at 280, 302 N.E.2d at 871. The reasons for such a strict standard are twofold. First, allowance of attorney fees, absent statute or agreement, is an exception to a longstanding rule in Indiana that litigants must pay their own counsel fees. *See, Trotcky v. Van Sickle, supra.* Second, the nature of an attorney fee award under the bad faith exception is punitive, designed to reimburse a prevailing party who has been dragged into baseless litigation and thereby subjected to great expense. *See, Hall v. Cole* (1973) 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702. Where, however, a trial court finds that this strict standard has been met, it is clear that Indiana law permits the trial judge to exercise his discretion in awarding attorney fees to the prevailing party. In the case at hand, the trial

---

1. Trial Rule 54(D) reads as follows:

"Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs in accordance with any provision of law; but costs against any governmental or-

ganization, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be computed and taxed by the clerk on one [1] day's notice. On motion served within five [5] days thereafter, the action of the clerk may be reviewed by the court."

judge specifically found that Cox acted in bad faith by failing to dismiss defendant Ubik. Cox argues that this finding is not supported by sufficient evidence.

Initially, Cox maintains that deposition evidence used at trial by the defendants' attorneys in an attempt to impeach Cox's testimony could not be considered by the trial judge in making his bad faith determination. Cox bases her argument on the fact that the deposition was not published and therefore not introduced into evidence. Although there is nothing to indicate that the trial judge relied on the deposition, this issue will not be addressed here. Even if the deposition is excluded, there was sufficient evidence from which the trial court could conclude that the plaintiff acted in bad faith.

■ This Court has held that, under Ind. Rules of Procedure, Trial Rule 52(A), a trial court can make findings on its own motion and such findings bind the appellate court as though they were requested. *Kizer v. Davis* (1977), Ind.App., 369 N.E.2d 439. Moreover, where a trial court makes findings of fact and conclusions of law, this Court will set aside that judgment only if it is clearly erroneous. *Lawrence v. Ball State University Bd.* (1980), Ind.App., 400 N.E.2d 179. The trial court judgment is presumed to be correct and the appellant has the burden of showing error. On review, this Court grants great deference to the trial court's ability to judge the credibility of the witnesses and to weigh the evidence. As such, this Court will not rejudge the credibility of the witnesses or reweigh the evidence but will view that evidence in a light most favorable to the trial court's decision including any reasonable inferences drawn from that evidence. *State v. King* (1980), Ind.App., 413 N.E.2d 1016. Conse-

quently, the trial court decision will be accepted if it is supported by evidence of probative value. *Matter of Leckrone* (1980), Ind.App., 413 N.E.2d 977.

■ There was sufficient evidence in this case from which the trial court could find that the plaintiff acted in bad faith by failing to dismiss defendant Ubik from the suit. Cox admitted that she could not remember ever telling anyone prior to the trial that Ubik had hit her car. Cox also stated that she had changed her story of the accident with regard to Ubik's involvement during the nearly three-year time span since the accident, claiming that her memory had improved during that time. In addition, Ubik introduced testimony by the police officer at the scene of the accident that Cox never mentioned being hit by Ubik; that Cox stated that the accident was caused when she hit a patch of ice, skidded and hit the retaining wall; and that there was no evidence to indicate that a third party, Ubik, was involved in the accident. In fact, the record discloses that the plaintiff's own testimony is the only evidence indicating that Ubik hit the plaintiff's car thereby causing her collision and injuries. Finally, besides the evidence related to Ubik's possible involvement in the auto accident, Cox admitted that she exaggerated the extent of her physical injuries; that she claimed she worked at two jobs at the time of the accident when she in fact worked at only one; that she alleged she earned a higher hourly wage at her job than she actually earned; and that she exaggerated her lost work time. This evidence and any inferences therefrom is sufficient to support the trial court's conclusion that the plaintiff maintained her case against Ubik in bad faith.[2] Since the trial court had sufficient evidence to find bad

2. During the course of the trial, the court overruled defendant Ubik's motion for judgment on the evidence. Cox argues that this indicates that the trial judge believed her action was brought in good faith. Cox fails to note, however, that a trial court decision on a motion for judgment on the evidence and on bad faith involve two different considerations. In determining whether to grant a motion for judgment on the evidence, a trial court is not permitted to

weigh the evidence. *Sili v. Vinnedge* (1979), Ind.App., 393 N.E.2d 251. On the other hand, where a trial court must decide if the nonprevailing party has acted in bad faith, that court must weigh the evidence. Therefore, there is no showing that the trial court considered the plaintiff's case to be brought in good faith when it denied Ubik's motion for judgment on the evidence.

faith, it was within the court's discretion to tax defendant Ubik's attorney fees against the plaintiff.

■ Although the trial court correctly awarded attorney fees in this case, it erred in allowing deposition transcription expenses. This Court held in *Calhoun v. Hammond* (1976), 169 Ind.App. 39, 345 N.E.2d 859 that expenses incurred in the transcription of depositions may not be taxed as costs. As in *Calhoun*, we find no statutory authority for the taxation of such expenses and appellee has not shown any.

Since there is no statutory authority for the taxation of deposition expenses as costs, appellee Ubik argues that, where bad faith is found, such expenses should be awarded as part of the attorney fees. Ubik cites no support for this argument and it is clearly not the law in Indiana. Deposition expenses differ from attorney fees in that they are generally advanced as costs by an attorney to his client and are not part of the hourly charge for work performed by the attorney. Deposition expenses are for the cost of transcribing the deposition and not for the purpose of compensating the attorney. As a result, deposition transcription expenses are not part of the attorney fees in this case and were improperly taxed to the plaintiff.

Plaintiff Cox's final contention is that the trial court erred in awarding costs in this action because the proper TR. 54(D) procedure was not followed. Cox argues that TR. 54(D) requires that a motion for costs be filed with the clerk before it is filed with the trial court. Since the motion here was filed directly with the court, Cox contends that the court erred in awarding the costs.

■ Assuming, for the sake of argument, that the trial court did follow an incorrect procedure here, the error was harmless and must be disregarded. If the motion to assess costs had been filed with the clerk, the clerk would have either granted or denied the motion. At that point one of the parties would have appealed to the trial court, as is proper under TR. 54(D). In that case, the trial court would make the determination of whether to assess costs, as it clearly did here. Therefore, any error which may have been committed by filing the cost motion directly with the court did not interfere with any rights of the parties and must be disregarded. Ind. Rules of Procedure, Trial Rule 61.[3]

In conclusion, the trial court award of attorney fees is affirmed and the award of deposition expenses is reversed. Since the trial court order does not itemize the cost award, this case is remanded for a cost determination consistent with this opinion.

STATON, J., concurs.

GARRARD, J., concurs in part and dissents in part with opinion.

GARRARD, Judge, concurring in part and dissenting in part.

I concur with the majority except for its disallowance of deposition costs. Where, as here, it is determined that attorney's fees are properly allowable, they include the time spent in taking depositions. The limitation is what was reasonable. The cost of the reporter's time in taking the deposition and in its transcription, if necessary, is merely an incident to the attorney's representation. As such, and always subject to the reasonableness requirement, the cost of discovery should be recoverable as a part of the attorney fee allowance as should other reasonable and necessary out-of-pocket expenditures.

Since it appears that the reasonableness of those expenditures is not really challenged, they were allowable and the judgment should stand.

I would affirm.

---

**3.** In Cox's motion to correct errors, she contends that the trial court erred in failing to grant a hearing on the motion to assess costs.

Since this issue is neither mentioned or argued in Cox's brief, it is waived. *See*, Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).