**CALTRAM EQUIPMENT CO., INC.,**
Appellant (Plaintiff Below),

v.

**Joseph ROWE, Appellee (Defendant Below).**

No. 4–682A159.

Court of Appeals of Indiana, Third District.

Oct. 27, 1982.

David W. Weigle, Hammond, for appellant.

Joel C. Levy, Singleton, Levy, Crist & Johnson, Highland, for appellee.

HOFFMAN, Presiding Judge.

This is an appeal from the trial court's award of attorney fees at a hearing pursuant to Ind.Rules of Procedure, Trial Rule 41(E), which reads:

"Failure to prosecute civil actions or comply with rules.

Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. *The court shall enter an order of dismissal at plaintiff's costs* if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution." (Emphasis supplied.)

The record reveals that on June 1, 1977, Caltram Equipment Co., Inc. (Caltram), filed a complaint for accounting against its former corporate president, Joseph Rowe. As Caltram did not thereafter actively pursue this matter, Rowe indicated that he would be agreeable to dismissal of the cause provided Caltram reimbursed his costs and attorney fees. Caltram, however, refused to pay such fees. On August 21, 1981, Rowe then entered the following motion:

## "MOTION TO DISMISS FOR FAILURE TO PROSECUTE CIVIL ACTION

Comes now the defendant, Joseph Rowe, by his attorneys, and moves to dismiss this matter pursuant to Rule 41(E) for the failure of the plaintiff to prosecute this action. In support of this motion, the defendant represents that this action was originally filed on June 1, 1977, that the plaintiff has had three different attorneys appear of record and represent the plaintiff's interests, and that plaintiff has had under consideration since October of 1979 the issue as to whether or not the plaintiff would dismiss this cause of action. Although the attorney for the defendant has contacted the plaintiff on several occasions, the plaintiff has not responded as to whether or not this matter would be dismissed, but by letter of January 24, 1980, indicated that this re-quest had been submitted to the client. Since that date, the defendant has heard nothing from the plaintiff and therefore believes that this cause should be ordered dismissed, with prejudice."

*Record* at 43.

After a hearing was set on the above motion, Rowe sent a letter to Caltram on August 24, 1981, the text of which reads as follows:

"You will please find enclosed herewith a copy of the court order setting our motion to dismiss for failure to prosecute civil action for hearing on October 5, 1981 at 2:30 p.m. Unless this matter is dismissed as we have previously discussed and including payment of our fees and expenses incurred to date, we shall appear at that time and pursue our motion."

*Record* at 57.

Caltram subsequently failed to appear at the scheduled hearing and was thus unable to show cause why the complaint for accounting should not be dismissed. T.R. 41(E), *supra*. The trial court accordingly found the cause to be without merit and ordered it dismissed with prejudice.

In addition, however, Rowe also filed an affidavit at the hearing in support of a motion to tax costs to Caltram for bringing baseless litigation. In that affidavit counsel for Rowe claimed that in the letter to Caltram dated August 24, 1981, Caltram was advised that Rowe would seek recovery of his attorney fees and costs at the hearing. The trial court ultimately entered a finding that Caltram's refusal to dispose of this cause with diligence was oppressive and vexatious conduct which entitled Rowe to an award of reasonable attorney fees in the sum of $2,400.

■■ It should first be noted that attorney fees are not taxable as costs under T.R. 41. *City of Indianapolis, etc. v. Central R. Co.* (1977), Ind.App., 369 N.E.2d 1109; *State v. Holder et al.; Rentchler et al.* (1973), 260 Ind. 336, 295 N.E.2d 799 (see concuring opinion of Justice Prentice). This is consistent with the general rule in Indiana that each party must pay his own attorney fees

in the absence of a statute or agreement between the parties providing otherwise. *Trotcky v. Van Sickle* (1949), 227 Ind. 441, 85 N.E.2d 638.

■ The trial court may, however, use its inherent equitable powers to award such fees where a party has acted in bad faith. *St. Joseph's College et al. v. Morrison, Inc.* (1973), 158 Ind.App. 272, 302 N.E.2d 865. Where a trial court finds such bad faith to be "vexatious and oppressive in the extreme" it is clear that the trial judge may exercise his discretion and award reasonable attorney fees to the prevailing party. *Cox v. Ubik* (1981), Ind.App., 424 N.E.2d 127. The nature of such award under the bad faith exception is punitive in nature and is designed to reimburse a party that has been dragged into baseless litigation. *Id.*

While the parties are basically in agreement as to the principles of law set forth above, Caltram nevertheless contends that the trial court's award of attorney fees was improper since Rowe failed to provide adequate notice that he would seek such relief at the show cause hearing.[1]

The situation in the case at bar is markedly different from that of *Cox v. Ubik, supra,* upon which both parties rely heavily. *Cox* was a negligence action in which a jury verdict had been returned in favor of the defendants, including Ubik. Ubik then filed a motion to assess costs with the trial court alleging bad faith on the part of Cox in failing to dismiss Ubik from the negligence action. This motion specifically requested an award of attorney fees. In the instant cause, however, Rowe's motion to dismiss pursuant to T.R. 41(E) did not set forth a prayer for the relief which was granted. Nor does it appear that Rowe's letter dated August 24, 1981, was sufficient

to notify Caltram that attorney fees would be sought at the hearing. Rather, a careful review of the record would lead a reasonable person to believe that Rowe was seeking dismissal with the understanding that he might initiate separate legal action in the future in an attempt to recover the fees at issue from Caltram.

■ It is established that the notice of motion must state the relief sought. *The Louisville, New Albany and Chicago Railway Co. v. Creek, Adm'r.* (1892) 130 Ind. 139, 29 N.E. 481; 56 Am.Jur.2d § 12. This is so since one of the basic purposes of a notice of motion is to apprise the opposing party of the relief sought and the grounds therefore. *Skinner v. Skinner* (1972) 257 S.C. 544, 186 S.E.2d 523. The trial court was not empowered by the show cause order to grant Rowe every possible relief, but only such as was incidental to, and not entirely distinct from, that specifically asked. *In re Carter* (1964) 262 N.C. 360, 137 S.E.2d 150.

■ Nor was the affidavit filed by Rowe in support of his motion to tax costs sufficient to amend the notice of motion so that it was binding upon Caltram. A notice of motion may not be enlarged by either supporting affidavits or oral argument. *Hernandez v. National Dairy Products Co.* (1954) 126 Cal.App.2d 490, 272 P.2d 799. In addition, regardless of the affidavit's merits, it was not filed and served on Caltram prior to the hearing in contravention of Ind.Rules of Procedure, Trial Rule 5.

■ As appellant was effectively denied an opportunity to respond to Rowe's claim for relief, the judgment of the trial court must be reversed. This cause is remanded for hearing to determine whether Caltram engaged in vexatious and oppressive con-

---

1. It should be noted that Caltram also raised the following issues:
   (1) whether there was sufficient evidence to support the trial court's award of attorney fees; and,
   (2) whether there was sufficient evidence to support the trial court's finding that Caltram's behavior was vexatious and oppressive.

The former issue was waived, however, since appellant's contention is wholly unsupported by authority. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7). The latter issue was likewise waived as appellant failed to raise it in his motion to correct errors. Ind.Rules of Procedure, Trial Rule 59(D); A.R. 8.3(A)(7).

duct which would justify an award of reasonable attorney fees.[2]

Reversed.

GARRARD and STATON, JJ., concur.

---

2. *See U.S. Aircraft Financing, Inc. v. Jankovich* (1980), Ind.App., 407 N.E.2d 287; *Berkemeier v. Rushville Nat. Bank* (1982), Ind.App., 438 N.E.2d 1054.